In re MORSE.

(District Court, N. D. New York. February 7, 1914.)

1. BANKRUPTCY (§ 217*)—LIENS—FORECLOSURE—STAY.
    Where certain persons other than the bankrupt claimed an interest in certain mortgaged real property, the extent of which did not appear, and the general creditors of the alleged bankrupt mortgagor claimed that they were unable to determine whether to bid on foreclosure sale or whether the sale should be stayed and the trustee allowed to sell free and clear of incumbrances or subject thereto, a sale of property might properly be stayed until 20 days after adjudication and the appointment of a trustee.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 82*)—PETITION—VERIFICATION.
    A petition in bankruptcy may be properly verified before a commissioner of deeds.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 123; Dec. Dig. § 82.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Edward M. Morse. On a motion to vacate a stay of sale in foreclosure proceedings and to strike from the files a certain affidavit attached and referred to in the petition of creditors filed against the alleged bankrupt. Granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Betts & Draper, of Troy, N. Y., for petitioning creditors.

Shaw, Bailey & Murphy, of Troy, N. Y., for plaintiffs in foreclosure.

Thos. F. Powers, of Troy, N. Y., for the alleged bankrupt.

RAY, District Judge. [1] If the bankrupt, Edward M. Morse, has any substantial equity in the real estate sought to be sold in the foreclosure and partition actions, a sale in such foreclosure proceedings and actions ought to be stayed until a trustee is appointed and qualified to the end that he may protect the interests of the general creditors in such property. The general creditors have this right, and it is the duty of the court to protect the estate of the bankrupt for the benefit of both the general creditors and the lienors, so far as possible, without doing injury to the rights of either. It is always onerous to a lienor to have his general right to enforce his valid liens interfered with, and this should not be done to his serious substantial injury except in rare instances. On the other hand, the mortgaged property of a bankrupt should not be sacrificed by hasty sales or under such circumstances that the rights therein, if any, of general creditors are destroyed or seriously impaired. When the validity of a lien sought to be enforced is seriously and in good faith attacked, proceedings to enforce it by sale should usually be enjoined until its validity is established. When the owner of the property is in bankruptcy, on adjudication, the title vests in the trustee, subject to valid liens, on his appointment, and this title relates back to the adjudication. Usually, of course, the sale is an open one, at public auction, and the surplus, if any, will go into the estate. However, until a trustee, representing the general creditors, is appointed, there is no one to represent them, except as each may represent himself; and, as the general creditors are usually scattered, there can be no unity of action, and valuable property may be sold for far less than its real value and the interests of the estate sacrificed. Here it appears that certain persons, other than the bankrupt, claim, and are represented to have, an interest in this real estate, the extent of which does not appear; and hence general creditors claim that they are unable to determine whether or not to bid on a foreclosure sale or whether or not the foreclosures, etc., should be stayed and the trustee allowed to sell, either free and clear of incumbrances or subject thereto. The mortgaged city property is standing idle, and the mortgaged farm property must soon be rented or sold or its value as a security will be more or less impaired. I do not think any serious injury will be done the mortgagee, lienor, and that substantial benefit may be derived by the general creditors, by continuing the stay granted until 20 days after the appointment of a trustee to enable him, and the general creditors through him, to ascertain, by an examination of the bankrupt and such other person as may have knowledge, the true situation and show, if they can, that the estate has a substantial equity in these properties, or one of them, and that the lienor will not suffer by a further stay. It will at least afford opportunity to examine the bankrupt and others and ascertain the truth and make arrangements to bid and purchase for their own protection.

As to the motion to strike from the files the affidavit of Mr. Draper, it is to be regretted that such affidavit was referred to in the petition, and it is more to be regretted that there was any reference to any particular proceeding in the state court wherein Mr. Powers is connected with Mr. Bailey, except in a general way, if necessary, and especially any reference to any pending difficulty between Mr. Powers and a client. The affidavit was used· as part of the basis for the stay and is proper as such, except in the particular mentioned, but is no part of the petition in bankruptcy which is complete without it. The motion to strike out and expunge is granted so far as to strike out and expunge from the affidavit referred to the following:

"That the attorney of said Morse, said Thomas F. Powers, is and has been for a long time more or less closely associated with H. D. Bailey, Esq., attorney at law of Troy, N. Y., and of the law firm of Shaw, Bailey & Murphy, of Troy, N. Y., to the extent at least that said H. D. Bailey has for at least five or six months last past been acting as attorney for said Thomas F. Powers in certain litigation pending against said Thomas F. Powers in the Supreme Court of New York state, in the nature of a summary proceeding to make him account to a client."

[2] I think the petition in bankruptcy properly verified before a commissioner of deeds. Judge Hand has held that an oath taken before such officer in a bankruptcy proceeding sustained a charge of perjury alleged to have been committed in such proceeding. Section 20 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3430]) authorizes it. See Collier on Bankruptcy (9th Ed.) 445, 446.

The injunction and restraining order is modified so that it will expire 20 days after the adjudication, unless further continued for good cause shown. There will be orders accordingly.