### In re TROUTMAN.
No. 26865.

District Court, W. D. New York.
Aug. 11, 1937.

William S. McGreevy, of Geneva, N. Y., for the bankrupt.

William S. Moore, of Geneva, N. Y., for B. F. Goodrich Rubber Co., Inc., and Pennzoil Co., Inc., judgment creditors.

BURKE, District Judge.

The bankrupt seeks to restrain proceedings to collect two judgments, one in favor of the B. F. Goodrich Rubber Company, Inc., for $435.41, which judgment was entered in Seneca county clerk's office January 15, 1932, and another in favor of Pennzoil Company, Inc., for $111.71, which judgment was entered in Seneca county clerk's office January 26, 1933. The order of adjudication in bankruptcy was made on July 14, 1937. There are various other judgment creditors whose judgments aggregate upwards of $1,400. Executions have been issued upon the two judgments referred to and are in the hands of the sheriff of Seneca county. It does not appear that any levy has been made.

Among the assets of the bankrupt estate is a life interest in a farm of about twenty-seven acres which was devised to the bankrupt under the last will and testament of Della Troutman, mother of the bankrupt, who died on or about December 14, 1936, and whose will was admitted to probate in the Surrogate's Court of Seneca County March 2, 1937. In addition to the life interest devised by said will, there was also devised to the bankrupt in fee a portion of the farm and also a residuary interest under said last will and testament. The farm is subject to a mortgage upon which there remains unpaid approximately $500. By the affidavit of the attorney for the two judgment creditors who oppose this application it appears that the property is of the reasonable value of upwards of $2,500, and that the interest of the bankrupt therein is greatly in excess of the amount of the said judgments and mortgage.

It thus appears without dispute that the bankrupt has an interest of substantial value in the property devised to him by his deceased mother, and likewise it is without dispute that its value is considerably in excess of the aggregate of the two judgments now in the hands of the sheriff. It is the duty of the court to protect the estate of the bankrupt both for the benefit of the general creditors and the lienors so far as possible without doing injury to the rights of either. A just and equitable distribution of the insolvent's estate among the creditors with due regard to priorities and vested liens is the aim of the Bankruptcy Act (11 U.S.C.A. § 1 et seq.). The power conferred on the court by the Bankruptcy Act not only relates to the unencumbered property of a bankrupt, but also to the property to which liens attach, if in the judgment of the court the said property should be administered by the bankruptcy court. In re Morse (D.C.) 210 F. 900; New River Coal Land Company v. Ruffner Bros. (C.C.A.) 165 F. 881.

The validity of the liens of the two judgment creditors is not impugned in this proceeding nor is it at issue. The liens will not be impaired by the restraining order sought. I cannot see how any substantial harm can be done to the judgment creditors who oppose this application by restraining the collection of the said judgments under the executions issued. Material benefit may result to the general creditors by the preservation of the bankrupt estate and by its administration in bankruptcy court. Until the judicial settlement of the estate of Della Troutman, bankrupt's mother, the exact interest of the bankrupt in that estate will not be known. This element of doubt as to the value of the bankrupt's interest will have a tendency to restrict bidders at any sheriff's sale held pursuant to the executions, all to the detriment of the general creditors. It is in the interest of the bankrupt estate to restrain the proceedings under the executions issued upon the two judgments.

The order applied for continuing the stay for the space of twelve months from the date of adjudication, or, if within that time said bankrupt shall apply for a discharge, then, until the question of such discharge shall be determined, should be granted. Submit order accordingly.