### In re MAIER BREWING CO., Inc. *
### SIMONS v. WELLS.

No. 6980.

Circuit Court of Appeals, Ninth Circuit. June 5, 1933.

[1] Not released by court at date of publication.

*Rehearing denied September 6, 1933.

Rex B. Goodcell and Frank L. Simons, both of Los Angeles, Cal., for appellant.

Thomas C. Ridgway and Lawrence M. Cahill, both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

The facts are stipulated as follows. More than four months before the petition in bankruptcy was filed, appellant commenced an action against alleged bankrupt in the state court for recovery of certain attorney's fees, and caused an attachment, which is now a valid lien, to be duly levied on a twenty-year leasehold estate in real property. Within the four months' period appellant recovered judgment in the action and had execution levied on the leasehold.

Thereafter, but before the date set for the sheriff's sale, the petition in bankruptcy was filed, alleged bankrupt denied insolvency, and no adjudication has as yet been had. Appellee, after qualifying as receiver, obtained from alleged bankrupt possession of the premises covered by the lease. Pursuant to an order directed to and served on appellant and the sheriff, to show cause why the sale should not be enjoined, a hearing was had in the bankruptcy court over appellant's objection to the summary jurisdiction.

On the stipulated facts supplemented by testimony that the leasehold was worth far more than the judgment, the sheriff's sale was enjoined and the receiver was directed to sell the leasehold premises with reasonable expedition and in any event within six months. The appeal is from this order.

In Gross v. Irving Trust Co., 53 S. Ct. 605, 77 L. Ed. —— (U. S. Supreme Court, May 8, 1933), the paramount summary jurisdiction of the bankruptcy court was held properly invoked, but under circumstances entirely different from those in the instant case. There it was not to stay the enforcement of a valid lien, but to prevent the state court in a receivership proceeding begun within four months of bankruptcy from charging property in its control but belonging to the trustee in bankruptcy, with allowances for its receiver. In re Morse, 210 F. 900 (D. C. N. D. N. Y. 1914), cf. In re Hudson River Nav. Corp., 57 F.(2d) 175 (C. C. A. 2, 1932), a sheriff's sale was enjoined temporarily until a trustee could be appointed, so as to enable him to bid and thus more effectively protect the interest of the estate, as against the concededly valid lien claimant. It is unnecessary to express any opinion on the soundness of this decision; the instant case, in any event, is entirely different, in that here the injunction was permanent and its sole purpose was to change the control of the property from the state court to the bankruptcy court, by substituting the receiver for the sheriff as the proper party to sell the property.

If a state court, by proceedings to foreclose or otherwise enforce a valid lien, instituted even within four months preceding the filing of a petition in bankruptcy, has acquired control of the property, the bankruptcy court, whatever its jurisdictional power may be, will not enjoin the continuance of such proceedings. Metcalf v. Barker, 187 U. S. 165, 172, 175, 23 S. Ct. 67, 47 L. Ed. 122 (1902); Straton v. New (1931) 283 U. S. 318, 331, and cases collected in note 6, page 326, 51 S. Ct. 465, 75 L. Ed. 1060; In re Greenlie-Halliday Co., 57 F.(2d) 173, 174 (C. C. A. 2, 1932); Bryan v. Speakman, 53 F.(2d) 463 (C. C. A. 5, 1931); In re Gillette Realty Co., 15 F.(2d) 193 (C. C. A. 9th, 1926).[1] In bankruptcy, as in equity, "one court will not snatch a res from

---

[1] Of course the rule is inapplicable where foreclosure or enforcement of a lien is begun in another court after bankruptcy petition is filed. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645 (1931).

another's mouth." In re Greenlie-Halliday Co., supra.[2]

■■ Appellee urges, however, that where, as here, the bankruptcy court, through its receiver, is properly in actual possession of the res, that court may administer the property and stay further proceedings in another court to enforce even a concededly valid lien. This court has held in a case of attachment of realty, in which, unlike personalty, levy is perfected by notice and recording without actual seizure and possession (Cal. Code Civ. Proc. § 542; Clark v. Sawyer, 48 Cal. 133, 138), that exclusive jurisdiction of the res is not thereby acquired (Pacific Coast Pipe Co. v. Conrad City Water Co., 245 F. 846 [C. C. A. 1917]). See, too, In re Hall & Stillson Co., 73 F. 527 (C. C. S. D. Cal. 1896). But as stated in Cooper v. Reynolds, 10 Wall. 308 on page 317, 19 L. Ed. 931 (1870): " * * * While the general rule in regard to jurisdiction in rem requires the actual seizure and possession of the res by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing, and in effect subject it to the control of the court. Among this latter class is the levy of a writ of attachment or seizure of real estate, which being incapable of removal, and lying within the territorial jurisdiction of the court, is for all practical purposes brought under the jurisdiction of the court by the officer's levy of the writ and return of that fact to the court."

Our opinion last year in Ke-Sun Oil Co. v. Hamilton (C. C. A.) 61 F.(2d) 215, seriously questioned the soundness of the Pacific Coast Pipe decision. See, too, Farmers' Loan & Trust Co. v. Lake St. El. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667 (1900); In re Greenlie-Halliday Co., 57 F. (2d) 173 (C. C. A. 2d, 1932); Bryan v. Speakman, 53 F.(2d) 463 (C. C. A. 5, 1931); Griffin v. Lenhart, 266 F. 671 (C. C. A. 4th, 1920); Beardslee v. Ingraham, 183 N. Y. 411, 76 N. E. 476, 3 L. R. A. (N. S.) 1073 (1906); McGrew v. Maxwell, 80 W. Va. 718, 94 S. E. 395 (1917); also cases cited in Ke-Sun Oil Case, supra, at page 217 of 61 F. (2d).

On further consideration of these cases, we are of the opinion that, in so far as it conflicts with the views herein expressed, the Pacific Coast Pipe Case must be overruled.

The order of the District Judge enjoining the sheriff's sale and directing a receiver's sale must therefore be reversed.

---

[2] In equity, the principle is fortified by Judicial Code, § 265, 36 Stat. 1162, U. S. C., title 28, § 379 (28 USCA § 379). See Ke-Sun Oil Co. v. Hamilton (C. C. A. 9, 1932) 61 F.(2d) 215, especially cases cited at page 217.