### In re HILLMERT.

### BUSCH et al. v. McKEY et al.

### Nos. 5147, 5158.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1934.

Rehearing Denied June 25, 1934.

412

Louis J. Victor and Robert F. Kolb, both of Chicago, Ill., for George W. Busch.

Paul W. Tatge and Luther W. Tatge, both of Chicago, Ill., for Henry F. Eidmann and others.

Dewey G. Hutchinson, of Chicago, Ill., for Carl A. Hillmert.

Walter E. Wiles, of Chicago, Ill., for Frank M. McKey.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

The facts in this case in all material respects are similar to those in causes No. 5034 and 5046, Felsenthal v. Parmenter (In re Landquist) (C. C. A.) 70 F.(2d) 929. The District Court ordered the state court receiver to turn over to the trustee in bankruptcy the property covered by the mortgage, and to render an accounting for the rents and profits. Under the authority of the Parmenter case, the decree in this cause is reversed and the cause remanded with instructions to set aside the turn over order and to relinquish jurisdiction of the security to the state court, and for further proceedings not inconsistent with this opinion.

On Petition for Rehearing.

On petition for rehearing appellees contend that the receiver in the state court was appointed within four months prior to the filing of the petition in the bankruptcy court, hence he did not receive possession of the property previous to that time. That is true, but it does not militate against our former holding that the debtor had neither actual nor constructive possession of the property when he filed his petition in the bankruptcy court, or at any time within four months prior thereto. The petition to foreclose the trust deed was filed in the state court on January 21, 1933. On January 30, 1933, the complainants in that action appeared in the state court and upon proper notice moved for the appointment of a receiver. Both of those dates were more than four months prior to the filing of the debtor's bankruptcy petition

on June 5, 1933. The receiver was appointed by the state court on February 21, 1933, and qualified as such and took actual possession of the property on February 28, 1933, both of which last named dates were within four months of the filing of the petition in bankruptcy.

In Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U. S. 51, 20 S. Ct. 564, 568, 44 L. Ed. 667, appellant filed a bill to foreclose a mortgage in the federal court, in which there was a prayer for the appointment of a receiver. Shortly thereafter, on the same day, appellee instituted an action in equity in the state court to enjoin the foreclosure. The summons issued by the state court was served before the service of the writ of subpoena issued by the federal court. It was there contended that the jurisdiction of the federal court was thereby defeated. The court said:

"As * * * the bill of foreclosure had been filed in the circuit court of the United States, and the jurisdiction of that court had thus attached before the commencement of the suit in the state court, it follows upon principle and authority that it was not competent for the state court to interfere by injunction or otherwise. * * *

"The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. * * *

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to Federal and state courts. (Citing cases.)"

This case was cited with approval in Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457, where it was construed as holding that the federal court was in constructive possession of the property after the bill was filed. It is true that the Court was there dealing with two courts of coordinate jurisdiction, and it is likewise true that the Federal bankruptcy court is superior in jurisdiction to state courts with respect to bank-

ruptcy matters, but until the amendment of June 7, 1934, it had always been held that the bankruptcy court had no jurisdiction whatever of property transferred by a debtor to his creditor more than four months prior to the filing of the petition in bankruptcy.

The state court's constructive possession ripened into actual possession when the receiver took control of the property on February 28, 1933. Hence, the debtor did not have either actual or constructive possession of it, nor was the receiver holding possession for him, when he filed his petition in bankruptcy on June 5, 1933. See In re Maier Brewing Co., Inc. (C. C. A.) 65 F.(2d) 673; In re Greenlie-Halliday Co. (C. C. A.) 57 F.(2d) 173.

Our attention has been called to the amendment of June 7, 1934, which was enacted after the original opinion in this case was filed, and after the briefs on rehearing were submitted. The enactment is an amendment of subdivision (m) of section 74 of the Bankruptcy Act as amended in 1933 (11 US CA § 202), and is as follows, the amended portion being in italics:

"The first sentence of subdivision (m) of said section 74 is amended to read as follows: 'The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, *and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a, receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered.'*"

There is a line of cases which hold that where there is an ambiguity in a statute, and differences of interpretation have arisen concerning it, a subsequent clarifying enactment may be considered in interpreting the original statute. United States v. Freeman, 3 How. (44 U. S.) 556, 11 L. Ed. 724; Bailey v. Clark, 21 Wall. (88 U. S.) 284, 22 L. Ed. 651; Cope v. Cope, 137 U. S. 682, 11 S. Ct. 222, 34 L. Ed. 832; Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265; Blair v. Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801. In this case, however, there was no ambiguity to clarify before the amendment of June 7, 1934, for it

was never contended that the bankruptcy court had jurisdiction of property transferred by a debtor to his creditor more than four months prior to the filing of the bankruptcy petition.

The petition for rehearing is denied.