### MOLINA v. MURPHY et al.

### No. 2910.

Circuit Court of Appeals, First Circuit.

June 9, 1934.

MORTON, Circuit Judge, dissenting in part.

Philip N. Jones, of Boston, Mass. (Henry G. Molina, of San Juan, P. R., on the brief), for appellant.

Enrique Igaravidez, of San Juan, P. R., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an injunction order entered by the United States District Court of Puerto Rico under new section 74 of the Bankruptcy Act (47 Stat. 1467, § 74, 11 USCA § 202) restraining the appellant from proceeding with a foreclosure suit pending before the district court of San Juan.

There is no controversy about the essential facts. The appellant held notes against the debtors in the amount of $31,000 secured by a mortgage on a grapefruit orchard and packing plant in Puerto Rico. In June, 1933, he instituted foreclosure proceedings in the district court of San Juan; the debtors answered admitting all the allegations of the complaint and consenting to the appointment of a receiver; Mr. Murphy, one of the debtors, was by consent of both parties appointed receiver on June 28, 1933, and took possession of the property. About a month later, at the suggestion of the Federal Intermediate Credit Bank which claimed to hold a crop lien on the fruit, Mr. Ballentine was appointed coreceiver with Mr. Murphy. The two receivers were authorized by the district court of San Juan to borrow money for operation of the properties and harvesting the crop and did so with the consent of the Federal Intermediate Credit Bank to the amount of $7,134. In January, 1934, the present appellant as creditor in the foreclosure proceeding moved for an order of sale; the debtors assented; there appears to have been no opposition; and on January 29, 1934, such an

order was entered. A writ (or warrant) of sale was duly issued to the marshal of the district court of San Juan directing him to sell the property on February 26, and notice of sale thereunder was duly published on various dates in February.

█ In this situation, on February 23, 1934, the debtors filed a petition under section 74 of the Bankruptcy Act representing that they were unable to meet their debts as they matured and that they desired to effect a composition or extension under that section. Schedules were filed with the petition, and it was approved by the District Judge in the federal court. On the next day the federal court issued, on an ex parte application by the petitioners, an order restraining the marshals of the island court (by whom the foreclosure sales were to be made) and the present appellant from proceeding with the sales under the decree in the foreclosure suit. From this order, subject to certain modifications made on March 3, 1934, the present appeal was taken. We do not doubt that the order was appealable. 28 USCA § 227; McGonigle v. Foutch (C. C. A.) 51 F.(2d) 455.

█ The principal question is whether the bankruptcy court had jurisdiction to grant the injunction. This depends on the scope and effect of the amendment of March 3, 1933, to the Bankruptcy Act (47 Stat. 1467, § 74, 11 USCA § 202), and particularly the construction and meaning to be given to subdivision (m), (n), and (h) of section 74, which read as follows:

"(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed. In proceedings under this section, *except as otherwise provided therein,* the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day.

"(n) In addition to the provisions of section 11 [section 29] of this title for the stay-ing of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

"(h) The terms of an extension proposal may extend the time of payment of either or both unsecured debts and secured debts the security for which is in the actual or constructive possession of the debtor or of the custodian or receiver, and may provide for priority of payments to be made during the period of extension as between secured and unsecured creditors. * * * "

As subdivision (m) provides that "the jurisdiction and powers of the court [of bankruptcy] * * * and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition * * * was filed," *"except as otherwise provided"* in section 74, and it being provided in subdivision (n) of that section that the court of bankruptcy "may enjoin secured creditors *who may be affected by the extension proposal* from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court," and in subdivision (h) that "the terms of an extension proposal may extend the time of payment of * * * secured debts the security for which is in the actual or constructive possession of the debtor or of the custodian or receiver, * * * " the material question is who the secured creditors are who may be affected by the extension proposal.

According to subdivision (h), they are those creditors who have "secured debts the security for which is in the actual or constructive possession of the debtor or of *the* custodian or receiver" previously mentioned in subdivision (b)—the custodian or receiver appointed in the extension proceedings. It is clear that it does not embrace those creditors who have secured debts the security for which is in the possession of a receiver appointed in a proceeding in another court to enforce the creditor's security. This being so, the jurisdiction of the bankruptcy court to enjoin secured creditors is, by the express terms of the provisions of section 74, restricted to those "having secured debts the security for which is in the actual or constructive possession of the debtor, or of the

custodian or receiver" appointed under subdivision (b).

In the instant case the property constituting the creditor's security was in the possession of a receiver appointed in foreclosure proceedings in the district court of San Juan and had been for nearly eight months when the debtor's petition was filed on February 23, 1934, under section 74 of the Bankruptcy Act (11 USCA § 202); and, such being the case, the federal District Court of Puerto Rico, sitting as a bankruptcy court, was without jurisdiction, under section 74, to enjoin the sale of the property by the marshal pursuant to the authorization of the district court of San Juan in the foreclosure proceedings. Here the lien *was created* and the proceeding *to enforce it* was begun some eight months before the petition for extension was filed, and at the time it was filed the property on which the mortgage lien existed was in the possession of the receivers in the district court of San Juan. In such a situation the bankruptcy court was without jurisdiction and power to enjoin the foreclosure proceeding, either under section 74 (n) (h) or by reason of its having the same jurisdiction and powers (section 74 (m) "as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition * * * was filed."

In Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060, it is pointed out that, prior to the amendment, a court of bankruptcy was without jurisdiction to enjoin a proceeding brought within four months of the filing of a petition in bankruptcy, to *enforce* a lien *created* more than four months before the filing of the petition, even though the debtor who gave the lien was in possession of the property at the time the petition was filed. See, also, Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122. But the case of Straton v. New has no direct bearing upon the decision of the question presented in this case, for the jurisdiction and power of the bankruptcy court to issue an injunction in such a situation was given by the amendment in 1933. Section 74, subdivisions (n) and (h), confers jurisdiction upon the court of bankruptcy to "enjoin *secured creditors* * * * from proceeding in any court for the *enforcement* of their claims" where, as above pointed out, the security "is in the actual or constructive possession of the debtor or of the custodian or receiver" (h), appointed under subdivision (b). This is clearly an extension of the jurisdiction of the bankruptcy court in the issuance of injunctions over that possessed under the Bankruptcy Act prior to the amendment.

It is intimated that the amendment did not confer any greater jurisdiction in issuing injunctions than the bankruptcy court possessed prior to the amendment, but to this proposition we cannot assent, for subdivision (m) does not so restrict it, as it says, "except as otherwise provided therein," in section 74; and in subdivisions (n) and (h) of that section is given the additional authority. To give the amendment such a construction would defeat the purpose of the act so far as it undertakes to deal with proceedings by secured creditors to enforce their security, for, if the bankruptcy court could not enjoin them, the debtor could have no extension against secured creditors prosecuting suits for the enforcement of such claims, whether the property constituting the security was in the debtor's possession or not.

As the District Court was without jurisdiction to enjoin the foreclosure proceeding, the property being in the possession of the receivers of the district court of San Juan at the time of the filing of the extension proposal, the judgment of the District Court must be vacated.

The judgment of the District Court for Puerto Rico is vacated, and the case is remanded to that court, with directions to dismiss the application for injunction, with costs to appellant in both courts.

MORTON, Circuit Judge (dissenting in part).

I entirely concur in the result. But the views expressed in the opinion, that the amendment of 1933 to the Bankruptcy Act (11 USCA § 201 et seq.) enlarged the basic jurisdiction of the bankruptcy court over proceedings in other courts, seems to me unsound. I do not think that the careful provisions on this point contained in section 74 (m), 11 USCA § 202 (m), were intended to be modified by subsections (h) and (n), 11 USCA § 202 (h, n), which appear to me to be administrative rather than jurisdictional in their purpose and scope. Section 74 is, I think, to be read in connection with section 11 of the original act (11 USCA § 29) and with the established law on this delicate and important point, the result of long and careful development, which is fully stated in Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. In view of subdivision (m), it cannot I think have been the intention, as it is, in effect, said to be in the majority opinion, that under subdivision (n) any proceed-

ing in which the debtor's property was, or was claimed to be, involved could be stayed by the bankruptcy court, regardless of how long the proceeding had been pending and of the stage which it had reached, provided only that the property in question was still in the debtor's possession. The reasons which call for a limitation on the backward reach of *bankruptcy* proceedings in section 67f, 11 USCA § 107 (f), apply with equal force to *relief* proceedings under section 74 (11 USCA § 202). If a debtor desires to avail himself of its provisions as a protection against action by secured creditors, he should do so within the four months' period and before jurisdiction has been obtained and rights determined in other courts. Subdivisions (h) and (n), 11 USCA § 202 (h and n), are to be read in connection with all the rest of the act. I think they are intended to put on a firm footing power which courts of bankruptcy had occasionally exercised to hold back secured creditors from foreclosing on their security until the general creditors or the estate were sufficiently represented to be able to protect their interest. Whether section 74 be given the broader construction of the majority opinion or the narrower one which seems to me to be correct, the result in the present case is the same.