## SANTOS et al. v. MOREDA.

### No. 2906.

Circuit Court of Appeals, First Circuit.

June 9, 1934.

Philip N. Jones, of Boston, Mass. (Henry G. Molina, of San Juan, Puerto Rico, on the brief), for appellants.

Hugh R. Francis, of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an injunction order in the federal District Court of Puerto Rico restraining the appellants from prosecuting in the district court of Mayaguez a summary (unlawful detainer) proceeding against the appellee to recover possession of certain real estate.

It appears that in November, 1926, the appellee mortgaged to the appellants certain real estate in Puerto Rico for a loan of $30,000. In October, 1930, the mortgagees instituted foreclosure proceedings upon the ground that three installments of interest were overdue. The parties thereupon agreed that the loan, which, with the accumulated interest, amounted by that time to $34,151, should be extended for the term of two years, that in connection with this extension the title to the mortgaged property should be transferred to the mortgagees, the appellants, and that they in return should lease the property to the plaintiff at a stated rental, which represented interest on the debt, giving an

option to the lessee to purchase at that figure within two years. This arrangement was carried out, the necessary instruments being properly executed and recorded. When the lease and option to purchase expired in December, 1932, they were extended for another two-year period on the same terms and conditions except that the monthly payments were reduced from $415 to $300. The lease contains a provision that failure to pay two consecutive monthly rentals should entitle the appellants to immediate possession and terminate the option.

The appellee defaulted in the payments of rent or interest, and the appellants instituted in the district court of Mayaguez summary proceedings (called an action of unlawful detainer) to recover possession of the property. In that action judgment was entered against them in October, 1933. In November, 1933, a further unlawful detainer proceeding was brought based on further defaults by the appellee in payment of rent or interest, upon which, on December 5, 1933, a judgment was entered in favor of the appellants. This judgment was appealed from, but the appeal was not perfected as required by law, and the district court of Mayaguez, on December 27, 1933, dismissed the appeal. Certiorari was then applied for to the Supreme Court of Puerto Rico, which, on January 19, 1934, affirmed the judgment of the district court dismissing the appeal. The judgment of December 5, 1933, therefore became final on January 19, 1934, entitling the appellants to the possession of the premises in question twenty days thereafter. Revised Statutes of Puerto Rico 1913 (1640) § 16, (1641) § 17. See, also, (1633) section 9 and (1636) section 12.

In this situation, on January 30, 1934, the appellee filed a voluntary petition for a composition or extension under section 74 as amended of the Bankruptcy Act (11 USCA § 202) representing that he was unable to meet his debts as they matured and he desired to effect a composition or extension under that section. Schedules were filed with the petition, and it was approved by the District Judge of the federal court. On the same day the appellee filed an application for an injunction, in which he alleged that Manuela de Gil was not the owner of the real estate (lot and building), but was really a secured creditor. The District Judge, having heard the parties on this application, entered an order which, after reciting that the "court, without deciding at this time whether or not said debtor is the owner or lessee of the premises concerned, is of the opinion that

this court has, under proper interpretation of section 74 * * * jurisdiction and authority to enter the order of injunction prayed for," restrained the appellants from taking any further proceedings in the unlawful detainer case, and in particular from ejecting said Alberto Moreda Cifuentes from the premises, until the composition or extension sought had been confirmed or denied by the court.

At the time the petition for composition or extension was filed on January 30, 1934, the alleged debtor (Cifuentes) was in the possession of the real estate; and, inasmuch as in Molina v. Murphy et al., 71 F.(2d) 605, decided this day, we held that, under the provisions of subdivisions (n) and (h) of section 74 of the Bankruptcy Act (47 Stat. 1467, 11 USCA § 202 (n and h), the federal District Court, as a court of bankruptcy, was given jurisdiction and power to enjoin *secured creditors* from proceeding to enforce their claims in an island district court until the composition or extension was confirmed or denied, if the property constituting the security was in the actual or constructive possession of the debtor, the only material question open in this case is whether Manuela de Gil (the real party in interest enjoined) was a secured creditor. If she was not, the District Court was without jurisdiction to grant the injunction. This question the District Judge did not pass upon, believing it was unnecessary to his authority. In this he was mistaken.

It is also contended that the judgment in the summary action of unlawful detainer in the district court of Mayaguez was an adjudication that Manuela de Gil was the owner of the real estate, and conclusive evidence in the extension proceeding in the federal District Court that she was the owner, not a secured creditor. But this is not so. The question whether she was the owner or a secured creditor was not put in issue and was not in fact litigated in that proceeding; and, under the act authorizing the summary proceeding, could not, if pleaded, be therein litigated. This is pointed out by the Supreme Court of Puerto Rico in Torres et al. v. Perez, 18 Porto Rico, 557. Furthermore, a judgment in a prior suit, when put in evidence in a subsequent one between the same parties for a different cause of action, is conclusive only as to facts put in issue in the prior suit and actually litigated. Sutton v. Wentworth (C. C. A.) 247 F. 493, at page 501.

The question whether Manuela de Gil **is**

the owner or a secured creditor is still open, and the judgment must be vacated and the case remanded to the District Court to determine that question. If she is found to be the owner, the District Court would be without jurisdiction to issue the injunction. If, on the other hand, she is found to be a secured creditor, the court would have jurisdiction and authority to grant the injunction; but before doing so the judge should, in the exercise of a sound judicial discretion, determine whether in this case it will exercise the authority inasmuch as the extension proposal in all probability will fail, due to the fact that Manuela, if a secured creditor, would be the sole secured creditor with a claim representing a majority in amount, not only of secured claims, but of all claims, and, without her acceptance in writing of the proposed extension, no application for its confirmation could be filed or granted. Section 74 (E).

The judgment of the District Court of Puerto Rico is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellants.

MORTON, Circuit Judge, concurs in the result.