In re KUSEL.

FIRST NAT. BANK OF CHICAGO v. KUSEL.

No. 5290.

Circuit Court of Appeals, Seventh Circuit. Jan. 29, 1935.

Edward Sonnenschein, Herbert M. Lautmann, and Ben I. Greenebaum, Jr., all of Chicago, Ill., for appellant.

Samuel G. Clawson, George E. Q. Johnson, Luther D. Swanstrom, and Walter E. Wiles, all of Chicago, Ill., for appellee.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal is from an order of the District Court entered July 13, 1934, (1) approving appellee's petition filed April 26, 1934, pursuant to section 74 of the Bankruptcy Act, as amended by Act June 7, 1934, § 2 (11 USCA § 202), (2) enjoining John T. Wheeler, appointed on April 30, 1934, by the circuit court of Cook county, receiver for certain real estate owned by appellee, from taking possession of that real estate, and (3) denying the motion of appellant either to dismiss the petition of appellee, or to dismiss from the bankruptcy proceedings the real estate involved in the proceedings, of which appellant was the trustee under a trust deed executed June 2, 1926, and against which foreclosure proceedings had been instituted in the state court on November 7, 1933. The latter proceedings had, however, been continued generally under an agreement that appellee was to be allowed to remain in possession upon the condition that all the rents and profits be turned over to appellant monthly, and that appellee render a monthly account to it, and it was under these proceedings that the receiver was appointed April 30. Certain other proceedings were had in the state court, which do not appear to be material to the issues here involved. The District Court ruled as a matter of law that, although the proceedings in the state court of April 30, 1934, had the same force and effect and gave the court the same jurisdiction over the property as if the receiver had been appointed on November 9, 1933, nevertheless, by reason of the provisions of section 74 (m) of the Bankruptcy Act, as amended June 7, 1934 (11 USCA § 202 (m), the jurisdiction of the federal court was paramount to that of the state court, hence appellee was entitled to the injunction prayed against the state court receiver.

On the authority of In re Monsen (Mellin v. Monsen) 74 F.(2d) 411, decided by this court on December 8, 1934, we think the order of the District Court must be affirmed. Appellant contends that the case, In re Hillmert (C. C. A.) 71 F.(2d) 411 (certiorari denied October 8, 1934, Hillmert v. Busch, 55 S. Ct. 96, 79 L. Ed. ——), previously decided by this court, is authority for a contrary holding. We cannot agree with this contention. In that case, the debtor claimed that the amendment which was passed after our decision had been rendered on May 8, and while a petition for rehearing was pending, should be considered as ground for the reversal of that decision because the amendment was intended by Congress merely to clarify the original statute instead of enlarging the jurisdiction of the court. We held otherwise. While it seems clear, as stated in Re Monsen (Mellin v. Monsen), supra, that "it was the intention of Congress to make the act apply to pending litigation," nevertheless, the terms of the amendment expressly preclude its operation in those cases where final decrees have been rendered prior to the enactment.

Appellant also contends that the amendment of June 7 has no effect upon the limitation of jurisdiction contained in section 74 (h), 11 USCA § 202 (h), which brings within the operation of the act, "secured debts the security for which is in the actual or constructive possession of the debtor." It argues that in accordance with our decision in the case, In re Parmenter, 70 F.(2d) 929, only such property as had been turned over to a receiver within four months preceding the filing of the bankruptcy petition could be considered as in the constructive possession of the debtor. We think the wording of the amendment expressly negatives this contention: "And this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings. * * *" We might add that this question was raised in the Monsen Case although it was not discussed in the opinion. It was

also raised and fully discussed in the case, In re Jacobs (D. C.) 7 F. Supp. 749, with the reasoning and conclusion of which we are in complete accord.

Order affirmed.