## SADA YOSHINUMA v. OBERDORFER INS. AGENCY et al.

### No. 10617.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1943.

R. Beverly Irwin, of Atlanta, Ga., for appellant.

Benton E. Gaines and J. Kurt Holland, both of Atlanta, Ga., for appellees.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

In collateral support of the position of the receiver in Atlanta Flooring & Insulation Co., Inc., et al. v. Oberdorfer Insurance Agency and Marvin G. Russell, Receiver, 5 Cir., 136 F.2d 457, this day decided, as well as on his own behalf, the bankrupt is here appealing from an order entered January 8, 1943, affirming the order of the referee authorizing a sale of the assets of the bankrupt in the hands of the State Court receiver. Upon the position that the court of bankruptcy should have issued its turn-over order to the state court receiver requiring him to deliver the assets to the bankruptcy court, the bankrupt makes common cause here with the appellants in that case. As to the particular order the bankrupt appeals from, however, there is no common cause for, while the bankrupt contests that order, the receiver in bankruptcy consented to it below and does not contest it here. The reason for this is not far to seek. It is that while both the bankrupt and the bankruptcy receiver agree in demanding that the state court surrender the property, the bankrupt wants the property held unsold while the bankruptcy receiver agrees with the state court receiver that to protect the creditors the property must be sold, the proceeds to stand for the property when the question of which court should have custody is finally determined.

The appellees move to dismiss the appeal for the failure of appellant to comply with the rules of this court in several particulars, and for the further reason that appellant, not having filed a supersedeas bond and the sale having taken place and been confirmed,[1] his appeal is moot. Appellant's claim on the merits that by the action of the court below in refusing to issue the turn-over order and thus take the bankrupt's property into the possession of the court of bankruptcy, he has been deprived of the right accorded him by the statutes to petition for an arrangement under Chapt. XI of the Chandler Act[2] is a fundamental one. Because it is, we take the appeal on its merits, passing without decision the difficult questions raised by appellees' motion to dismiss. This is the record:

---

[1] In support of this fact they present a second supplemental transcript of record showing that there was no supersedeas, that there was a sale to Mrs. Gravely and a confirmation of that sale, and that no appeal was taken from the order of confirmation.

[2] Title 11, U.S.C.A. Chap. XI, § 701 et seq.

On November 20, 1942, after all the matters had occurred as set out in the opinion in the Atlanta Flooring Co. case, the district judge entered an order, referring to the referee the debtor's petition for arrangement under Chapter XI of the Chandler Act, "To take such further proceedings as are required and permitted under the acts of Congress relating to bankruptcy". The referee was of the opinion that the filing by bankrupt of his arrangement petition did not confer upon the Chapter XI court any greater power to require the delivery of property held by a state court receiver appointed more than four months prior to the commencement of the proceedings under the Bankruptcy Act than was possessed by the court in ordinary bankruptcy proceedings under Chapters I to VII, 11 U.S.C.A. §§ 1–101. He decided adversely to the bankrupt his claims that the filing of his petition deprived the state court of jurisdiction to further administer his assets and his objection to the sale by the state court receiver of the assets in his hands petitioned for by that receiver on November 24, 1942, and consented to by the bankruptcy receiver. He entered his order accordingly, and it is from the affirmance on January 8, 1943, of this order that this appeal comes. Here the bankrupt vigorously insists that under § 711, Title 11 U.S.C.A.,[3] the filing of his petition, regardless of the four months' period, brought all of his property within the exclusive control of the bankruptcy court. Appellees on their part insist that the referee was right in the view he took that though this is ordinarily true, the filing here of the bankrupt's petition for the arrangement of his unsecured debts had no effect on the state court proceeding because Sec. 11, sub. a(21) of Title 11 U.S.C.A., expressly provides that "Such delivery and accounting shall not be required, except in proceedings under chapters 10 and 12 of this title, if the receiver * * * was appointed * * * more than four months prior to the date of bankruptcy." We agree. It is settled law that where, as here, the state court took jurisdiction to foreclose a lien and appointed a receiver more than four months before the commencement of proceedings in bankruptcy, the power of the bankruptcy court in proceedings under

Chapter XI is not greater than that of the court in ordinary bankruptcy proceedings. The filing by the bankrupt of his arrangement petition had no more effect to oust the jurisdiction of the State Court than the filing by his creditors of an involuntary petition in bankruptcy had. 14th Ed. Collier on Bankruptcy, Vol. 8, pp. 139, 140, 143; 5th Ed. Remington on Bankruptcy, Vol. 7, pp. 172-173. The law was different under former section 74, which was subject to no time limitation. Collier and Remington, supra; Molina v. Murphy, 1 Cir., 71 F.2d 605; In re Hillmert, 7 Cir., 71 F.2d 411; In re Faour, 2 Cir., 72 F.2d 719; In re Kusel, 7 Cir., 75 F.2d 314. The order appealed from was therefore rightly entered. It is affirmed.

---

3 "§ 711. Exclusive jurisdiction of debtor and property. Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located. July 1, 1898, c. 541, § 311, as added June 22, 1938, c. 575, § 1, 52 Stat. 906."