## MURPHY et al. v. BANKERS COMMERCIAL CORP.

### No. 215, Docket 22651.

United States Court of Appeals Second Circuit.

Argued March 13, 1953.

Decided April 6, 1953.

See also 111 F.Supp. 608.

Archibald Palmer, Samuel Masia, New York City, and McNutt & Nash, Special Admiralty Counsel, New York City, for plaintiffs-appellants; Archibald Palmer, Samuel Masia and John F. Lang, New York City, of counsel.

White & Case and Thacher, Proffitt, Prizer & Crawley, New York City, for defendant-appellee; William St. John Tozer, John C. Crawley, David Hartfield, Jr., New York City, and Howard Aibel, Brooklyn, N. Y., of counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On November 21, 1952, an involuntary petition in bankruptcy was filed against the Basile Shipping Company. Prior thereto in October 1952 the defendant had instituted proceedings in Honduras to foreclose a mortgage dated November 9, 1951 on two of the debtor's ships located there. At the request of certain creditors a temporary restraining order was granted on January 26, 1953, enjoining the foreclosure of the mortgage for thirty days after the appointment of a trustee in bankruptcy. Following their appointment, the trustees on February 9, 1953, brought a plenary suit under §§ 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., in the district court seeking, *inter alia*, that the aforesaid mortgage be declared invalid and paid off, and that pending a determination of the con-

troversy the defendant be restrained from proceeding in Honduras with the foreclosure of the mortgage. By order of February 24, 1953, the district court denied the injunction *pendente lite* on the ground that the trustees had failed to show that irreparable injury to the bankrupt's estate would result if the injunction were not granted, and this appeal from the order followed.

The trustees in bankruptcy contend that the district court erred in requiring a showing of irreparable damage before issuing the injunction, and that as trustees in bankruptcy they need only demonstrate that there is a fair probability that the mortgage is invalid or has been repaid in full to entitle them to an injunction against its foreclosure. Principal reliance is based on In re Lustron Corp., 7 Cir., 184 F.2d 789, certiorari denied R. F. C. v. Lustron Corp., 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682, and Steelman v. All Continent Corporation, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085, which we regard as not in point. In Straton v. New, 283 U.S. 318, 326, 51 S.Ct. 465, 75 L.Ed. 1060, the Supreme Court indicated that bankruptcy courts should refuse to enjoin foreclosure proceedings instituted prior to the filing of a petition in bankruptcy when the security interest had been acquired more than four months before the date of filing. See, 1 Collier on Bankruptcy, Par. 2.63 (14th ed.); 59 Harv.L. Rev. 1309. Although in such circumstances the bankruptcy court would have jurisdiction to pass on the validity of the mortgage in a plenary suit, Berrara v. City Real Estate Co., 2 Cir., 64 F.2d 498, as in the present case under § 67 sub. e and § 70, sub e(3) of the Bankruptcy Act, see Williams v. Austrian, 331 U.S. 642, 650, 67 S.Ct. 1443, 91 L.Ed. 1718, the bankruptcy court would not succeed to the custody of the property, previously vested in another court, see In re Greenlie-Halliday Co., 2 Cir., 57 F. 2d 173, and consequently should not enjoin that court's action in respect to the property. First Savings Bank & Trust Co. of Albuquerque v. Butler, 8 Cir., 282 F.

866, is to the contrary, but was evidently overruled by Ford v. Mutual Benefit Life Ins. Co., 8 Cir., 82 F.2d 607. Where foreclosure proceedings are instituted after the filing of the petition, an injunction may issue to permit the orderly administration of the bankrupt's estate which is under the exclusive jurisdiction of the bankruptcy court. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. The Steelman decision and other cases relied on by the trustees fall into this category of cases. Although in the Lustron case the foreclosure was commenced before the petition was filed, the sale of the property of the bankrupt was enjoined only for a limited period in order to allow the trustee time to ascertain the validity of the liens and to take such action, including intervention in the foreclosure proceedings, as was appropriate. See 64 Harv.L.Rev. 1193. Moreover, part of the property which was in the course of being sold was unencumbered. That decision, therefore, is no authority for the issuance of an injunction *pendente lite* in the present plenary suit to have the mortgage held void, although it is authority for the earlier temporary restraining order in this action pending the appointment of the trustees. See In re Hudson River Navigation Co., 2 Cir., 57 F.2d 175, 176; In re Mitchell, 2 Cir., 278 F. 707, 709.

Thus, under the above decisions the district court clearly did not err in denying the injunction *pendente lite* in the absence of proof of irreparable injury. Cf. Brehme v. Watson, 9 Cir., 67 F.2d 359, 362; 1 Collier on Bankruptcy, p. 298, n. 17 (14th ed.). We agree with the district court that the trustees' remedy at law against this undeniably solvent defendant will be adequate to secure any rights that they may establish and we hold that it did not abuse its discretion in denying the injunction. Any difficulties in valuing the ships are no greater than those encountered in many areas of the law in establishing the quantum of that elusive concept "value."

Accordingly, the order is affirmed.