**In the Matter of FORGEE METAL PRODUCTS, Inc.**

**Appeal of H. Harry HYMAN, Everett Hyman, John H. Hyman and Jules K. Hyman, Trading as Joseph Hyman & Sons, Claimants, from an Order of the United States District Court of New Jersey, Denying Petition for Reclamation and Ordering Equipment Sold, Proceeds of the Sale to be held in Escrow.**

No. 11695.

United States Court of Appeals Third Circuit.

Argued Dec. 19, 1955.

Decided Feb. 2, 1956.

Rehearing Denied March 2, 1956.

**800**

J. Leon Rabben, Philadelphia, Pa. (I. Emanuel Sauder, Philadelphia, Pa., Vincent L. Gallaher, Camden, N. J., on the brief), for claimant-appellant.

A. David Epstein, Camden, N. J., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The district court affirmed the bankruptcy referee's denial of a petition for reclamation and claimant appeals.

The property consists of two power presses sold and delivered to the now bankrupt, Forgee Metal Products, Inc., by appellants under a conditional sales agreement. The agreement was filed in Gloucester County, New Jersey, where bankrupt's plant was located. The price of the machines was $9500 of which $6500 had been paid prior to the bankruptcy proceedings. The agreement allowed repossession to sellers on default of an instalment with all payments prior to repossession to be retained by sellers as liquidated damages for the use of the machines.

A Chapter X, 11 U.S.C.A. § 501 et seq., petition was approved by the court on November 8, 1954 and a trustee was then appointed.[1] A month later appellants filed a petition for reclamation of the presses. There was a hearing on this before the referee on December 17, 1954. At that time the attorney for the trustee advised the referee that the presses were necessary for the operation of the plant and that they were in use. On December 22, 1954 the referee made an order as follows:

"The Court does hereby find that the Conditional Sales Contract dated February 10, 1954, and recorded February 19, 1954, *is hereby found to be a valid and subsisting conditional sales contract,* and that Joseph Hyman & Sons have a valid lien upon two presses set forth in said conditional sales contract;

"2. That there is due upon said conditional sales contract the sum of

---

1. Appellants' brief states that a receiver was appointed initially but the docket entry for that date states that it was a trustee and such other papers as there are in this particular case bear that out.

While we do not have the full record of the bankruptcy proceedings before us apparently the trustee in reorganization was simply continued after adjudication as trustee in bankruptcy.

$3,000.00 that said contract fell in default on November 10, 1954;

"3. That the Trustee herein be and he is hereby authorized to pay to I. Emanuel Sauder, Attorney for Joseph Hyman & Sons, the sum of $500.00 *on account of the balance due* on said conditional sales contract; and, It Is Further Ordered, that the Trustee is to retain the two presses but they are not to be removed by Joseph Hyman & Sons until the further Order of this Court." (Emphasis supplied.)

The $500 payment indicated by the above order was thereafter made by the trustee to appellants. On January 19, 1955 a second petition for reclamation was filed on appellants' behalf. That petition was heard by the referee March 11, 1955 at which time he gave his decision from the bench saying: "Therefore, Mr. Sauder, if I recall correctly there was some testimony taken when I ordered that your lien was a valid lien, and you should be paid off—on that basis I should have had to find there was an equity in the presses for the benefit of the estate. My position is the same. So, therefore, it is the order of the Court that the petition for reclamation is denied. The lien of $2500 is transferred to proceeds realized upon sale, in the event of bankruptcy, or to be paid for as a secured claim by the Trustee in the event of reorganization."[2] On April 5, 1955 the debtor was adjudicated a bankrupt. On April 11, 1955 a formal order was entered by the referee covering his holding of March 11th. This stated "[t]here is an equity in the said merchandise [presses] which should be recovered for the benefit of creditors" and ordered, inter alia, "[s]aid equipment be sold by the trustee and that the lien of the creditor attach to the fund". On petition for review the district judge on June 17, 1955 affirmed the orders of the referee and directed the trustee to include the two machines in the sale of the bankrupt's assets. The appeal is from that order.

■ Admittedly the question which controls this matter is whether the conditional sales contract was assumed under Section 70, sub. b of the Bankruptcy Act, 11 U.S.C.A. Chapter 7, § 110, sub. b which reads:

"(b) Within sixty days after the adjudication, the trustee shall assume or reject any executory contract, including unexpired leases of real property: *Provided, however,* That the court may for cause shown extend or reduce such period of time. Any such contract or lease not assumed or rejected within such time, whether or not a trustee has been appointed or has qualified, shall be deemed to be rejected. A trustee shall file, within sixty days after adjudication, a statement under oath showing which, if any, of the contracts of the bankrupt are executory in whole or in part, including unexpired leases of real property, and which, if any, have been rejected by the trustee: *Provided, however,* That the court may for cause shown extend or reduce such period of time."

Appellants argue the contract was not assumed under the statute and therefore was conclusively rejected. They rely on the fact that the trustee within sixty days following adjudication gave no formal expression of election to take over the agreement.

As we view it the entire record points to assumption of the contract in substantial compliance with Section 70, sub. b. The trustee opposed the original petition for reclamation before the referee at the first hearing on that matter. The latter's order denying the petition held the contract valid and subsisting and authorized the trustee to pay $500 "[o]n account of balance due on said conditional sales contract". At the termination of the second hearing the referee again up-

---

**2.** At the second hearing the referee had the benefit of an appraisal of the presses by a court appointed appraiser who valued them at $7500.

held the lien and concluded that appellants should "be paid off". The order itself, entered within the statutory sixty days after the debtor had been adjudicated a bankrupt, reaffirmed the validity of the lien, ordered the machines sold and protected the lien for its unpaid balance.

What we have then is that in so many words the referee recognized the conditional sales agreement, as binding, authorized a first payment on account of it, decided that the machines should be sold in order to pay the balance due on them and concluded that such action because of the value of the machines would leave an equity to the benefit of the estate. The in effect assumption of the contract was not only with the affirmative approval and coöperation of the trustee but by order of the bankruptcy court which had the final determining authority of whether the contract should be so assumed. The order itself was entered well within the time limit after adjudication fixed by 70, sub. b.

With the referee's decision in turn affirmed by the district court it is of no real importance to examine the earlier facts under the Chapter X proceeding. But it is apparent that even then a proper situation existed where it was vital for the best interests or preservation of the estate that the reorganization trustee take over the contract under the authorization of the bankruptcy court though under 70, sub. b, only the bankruptcy trustee had been expressly given such power. Green v. Finegan Realty Co., 5 Cir., 1934, 70 F.2d 465, 466; Meehan v. King, 1 Cir., 1932, 62 F.2d 435; Collier on Bankruptcy, 14th ed., page 1231, Sec. 70.43. Prior to adjudication and at a time when appellant was pressing for repossession of the machines prompt action was necessary to preserve the estate's substantial interest in them. The end result of that action was most satisfactory. The machines were sold for $5,550. Out of this sum the appellants can be paid in full which will leave a balance of $3,050 for the bankrupt's estate.

■ Appellants were not subjected to inequitable treatment or consequences by the refusal to permit them to repossess according to the terms of their contract. Under the facts the validity of the lien was a question of New Jersey law. Bryant v. Swofford Brothers Co., 1909, 214 U.S. 279, 29 S.Ct. 614, 53 L.Ed. 997. In re Lakes Laundry, 2 Cir., 1935, 79 F.2d 326, 102 A.L.R. 247. The Uniform Conditional Sales Act of New Jersey, N.J.S.A. 46:32–25 provides that "If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent of the purchase price at the time of retaking, the seller shall sell them at public auction * * *." And Section 46:32–27 directs that "The proceeds of the resale shall be applied (1) to the payment of the expenses thereof, (2) to the payment of the expenses of retaking, keeping and storing the goods, (3) to the satisfaction of the balance due under the contract. *Any sum remaining after the satisfaction of such claims shall be paid to the buyer.*" (Emphasis supplied.) There is no evidence that the debtor waived the statutory provisions nor could it. In re Dancer, D.C.N.J.1932, 2 F.Supp. 634. The sale would necessarily have had to comply with Section 46:32–25. In re Lakes Laundry, supra, 79 F.2d at page 328. Since over fifty per cent of the purchase price had been paid, appellants, in receiving the full purchase price of the presses, are obtaining everything they would be allowed by the governing New Jersey law.

■ Though the motivation of the trustee was and is commendable still if he had specifically followed the explicit instruction of Section 70, sub. b and sent out a statutory notice that he was assuming the Hyman contract this appeal probably would have been eliminated and the estate closed long since. Therefore we stress the necessity of receivers and trustees adhering strictly to the provisions of the Bankruptcy Act and the obligation of the referees to see to it that they do.

The order of the district court will be affirmed.