**J. Clarke SMITH and Margaret D. Smith, Appellants,**

v.

**Edwin E. HILL, Appellee.**

**No. 17995.**

United States Court of Appeals Ninth Circuit.

April 29, 1963.

Rehearing Denied May 28, 1963.

Wilson & Wilson and Fred A. Wilson, San Bernardino, Cal., for appellants.

Holcomb, Kassel & Ward and William R. Holcomb, San Bernardino, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

On March 1, 1952, appellants sold certain real and personal property to appellee under a conditional sales contract, the validity of which is not questioned. Appellee defaulted. On June 2, 1961, appellants brought suit in the Superior Court of the State of California to foreclose appellee's rights under the contract. The Superior Court appointed a receiver who took possession of the property. On September 27, 1961 (within four months of the filing of the state

court action) appellee filed a petition in the United States District Court under Chapter XI of the Bankruptcy Act. On October 25, 1961, the referee in bankruptcy ordered the debtor restored to possession, and the property was surrendered by the state court receiver. Appellants filed a petition to reclaim, challenging the authority of the referee to take possession of the property. The petition was denied by the referee and the District Court affirmed.

Appellants failed to file a petition for review within ten days of the entry of the referee's order directing surrender of the property and, as noted, instead filed a petition to reclaim. As a result, contends appellee, the order became final,[1] and appellants must be held to have consented to the summary jurisdiction of the bankruptcy court.[2] But appellants specifically asserted in their petition to reclaim that the order requiring the state court receiver to surrender the property "was inadvertently made and erroneous." In answer to appellee's cross-complaint and again at the outset of the hearing before the referee, appellants repeated their challenge to the referee's power to enter the order. The referee entertained the challenge to his authority, heard extensive argument, and decided the question adversely to appellants. The petition to reclaim was, in effect, a request for reconsideration of the referee's prior order requiring surrender of the property. The referee undertook to re-examine his earlier decision—as, in the circumstances of this case,[3] he had the power to do.[4] Appel-

1. Citing 11 U.S.C.A. § 67(c).

2. See 2 Collier, Bankruptcy 549 (14th ed.); 5 Remington, Bankruptcy 350–51 (5th ed. 1953).

3. The petition to reclaim, challenging the order requiring surrender, was filed less than thirty days after entry of that order. It is not suggested that during this period appellee changed his position to his prejudice in reliance upon the order's finality.

4. That this is the law "now seems to be clearly established." 2 Collier, supra at

1434. See also 1 Remington, supra at 68. The decisions of this Court in Grande v. Arizona Wax Paper Co., 90 F.2d 801 (9th Cir.1937), and In re Faerstein, 58 F.2d 942 (9th Cir. 1932), are said to have represented a minority view to the contrary. 2 Collier, supra at 1434 and n. 52. Assuming this to have been so, the basis upon which such a view might have rested was rejected by the Supreme Court in its subsequent opinion in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149–150, 63 S.Ct. 133, 87 L.Ed. 146 (1942). See Castaner v. Mora, 234 F.2d 710, 714 n. 2 (1st Cir. 1956); In-

lants filed a timely petition to review the order denying the petition to reclaim, and expressly preserved the question of the referee's power to order surrender of the property. We think the issue was properly before the District Court, and is properly before us.

 We hold that it was error for the referee to order the state court receiver to surrender the property. When, prior to bankruptcy, a state court receiver takes possession of property of a debtor as an incident to enforcement of a mortgage lien which antedated bankruptcy by more than four months and

the validity of which is not otherwise challenged, the foreclosure proceedings are not superseded by bankruptcy.[5] There is no support in either reason or authority for applying a different rule in an action by a conditional vendor to enforce his rights against a defaulting vendee under a conditional sales contract.[6]

 Appellee argues that the referee was empowered to act by the "voluntary" surrender of the assets by the state court receiver. But even if we were to assume that the state court might cut off appel-

---

demnity Ins. Co. of America v. Reisley, 153 F.2d 296, 299, n. 6 (2d Cir. 1945). See also Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137–138, 57 S.Ct. 382, 81 L.Ed. 557 (1937); Cowan, Bankruptcy Law and Practice 667 and n. 82 (1963).

5. Emil v. Hanley, 318 U.S. 515, 519–520, 63 S.Ct. 687, 87 L.Ed. 954 (1943); Straton v. New, 283 U.S. 318, 326 and n. 6, 51 S.Ct. 465, 75 L.Ed. 1060 (1931); Murphy v. Bankers Commercial Corp., 203 F. 2d 645, 646 (2d Cir. 1953); Ross v. Carey, 174 F.2d 872, 874 (5th Cir. 1949); Town of Agawam v. Connors, 159 F.2d 360 (1st Cir. 1947); In re Hillmert, 71 F.2d 411, 413 (7th Cir. 1934); In re Maier Brewing Co., 65 F.2d 673 (9th Cir. 1933); 1 Collier, Bankruptcy 376–78 (14th ed.); 4 Collier, supra at 1925, n. 5; 5 Remington, Bankruptcy § 2048 (5th ed. 1953). Cf. Sada Yoshinuma v. Oberdorfer Ins. Agency, 136 F.2d 460 (5th Cir. 1943). In re Lustron Corp., 184 F.2d 789 (7th Cir. 1950), and In re Lustron Corp., 184 F.2d 798 (7th Cir. 1950), are not to the contrary, as appellee suggests. The court expressly recognized the rule that the bankruptcy court will not interfere with proceedings to foreclose a valid mortgage lien (184 F. 2d at 796). The court held that where the receiver within four months of bankruptcy took possession both of encumbered assets for foreclosure and also of unencumbered assets for general liquidation, (1) the bankruptcy court could *temporarily* stay the foreclosure proceedings to enable the trustee to investigate the validity of the liens (184 F.2d at 797), and (2) jurisdiction over the *unencumbered* assets passed to the bankruptcy court despite the receiver's possession (184 F.2d at 797, 800–801). See also 5 Remington, supra at 144, 151–52. But

see 64 Harv.L.Rev. 1193 (1951). In the present case the validity of the conditional sales contract is conceded; if the property taken by the receiver included some not covered by the contract, it is doubtful that appellee's interests would be served by insisting upon immediate segregation since both the encumbered and unencumbered property are parts of a going business. See note 6.

6. The interest of the bankrupt estate may be protected by intervention in the state court proceedings. The rights of a conditional vendee under the contract pass to the trustee in bankruptcy (or, as here, to the debtor-in-possession who exercises "all the powers of a trustee." 11 U.S. C.A. § 742). The obligations of the contract may be assumed. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 274, 36 S.Ct. 50, 60 L.Ed. 275 (1915); In re Forgee Metal Products Co., 229 F.2d 799 (3d Cir. 1956). In Chapter XI proceedings "failure to assume affirmatively an executory contract does not result at any time in rejection of the contract. Whether the debtor is in possession, or whether there is a receiver or trustee, the contract can be rejected only by affirmative action * * *. Unless so rejected, the contract continues in effect." 8 Collier, supra at 162. In the event of default, the trustee or debtor-in-possession "is entitled to exercise or assign the right of redemption accorded the vendee by state law." 4 Collier, supra at 1125 n. 31. Miller v. McCray Refrigerator Co., 130 F.2d 873 (8th Cir. 1942). See also In re Gunning, 124 F.2d 7 (9th Cir. 1941) (under 11 U.S.C.A. § 203).

The rights available to a defaulting conditional vendee under California law would seem ample to protect appellee against forfeiture or unnecessary loss. See Ward v. Union Bond & Trust Co.,

lants' right to challenge the validity of the referee's order by voluntarily relinquishing the property over appellants' objection,[7] surrender of the property under compulsion of the referee's order was not a "voluntary" relinquishment.

The order of the District Court affirming the denial of the petition to reclaim is reversed.

On Petition for Rehearing

ORDER

■ The petition for rehearing is denied. We note, however, that appellee expresses apprehension that our judgment may be read as requiring the return of the property to appellants rather than to the state court receiver, a result which, as appellee suggests, would be contrary to our intention. Reversal of the order denying appellants' "petition to reclaim" is based wholly upon our construction of that order as an affirmation of the referee's prior order requiring the state court receiver to surrender the property. Accordingly, appropriate steps should be taken on remand to restore the state court receiver to possession.

243 F.2d 476 (9th Cir. 1957); 14 Hastings L.J. 44 (1962); 40 Calif.L.Rev. 593 (1952); 37 Calif.L.Rev. 704 (1949); 2 Stan.L.Rev. 235 (1949); 23 So.Cal.L. Rev. 110 (1949).

The District Court found that appellee had added substantial improvements to the property conveyed by the conditional sales contract. Although the bankruptcy court would have jurisdiction over that portion of the property not subject to the contract, it may before proceeding await the outcome of the state court litigation establishing appellee's rights in that portion of the property subject to the contract. Cf. Callaway v. Benton, 336 U.S. 132, 142, n. 11, 69 S.Ct. 435, 93 L.Ed. 553 (1949); Mangus v. Miller, 317 U.S. 178, 185, 63 S.Ct. 182, 87 L.Ed. 169 (1942); Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483–484, 60 S. Ct. 628, 84 L.Ed. 876 (1940).

**7.** Compare Texas v. Donoghue, 302 U.S. 284, 289, 58 S.Ct. 192, 82 L.Ed. 264 (1937). See generally 5 Remington, supra at 135, 143, 154–55; 1 Collier, supra at 377, n. 18; 43 Iowa L.Rev. 121 (1957).