In the Matter of ZACHERL COAL COMPANY, INC., Debtor.

Raymond J. ZACHERL, Edna M. Zacherl, Eugene M. Zacherl, Norma G. Zacherl, Joseph H. Zacherl, Shirley A. Zacherl, Donald L. Zacherl, and Donna R. Zacherl, Plaintiffs,

v.

ZACHERL COAL COMPANY, INC., and Edward J. Smith, Trustee, Defendants.

Bankruptcy No. 79–00285.
Adv. No. 80–0157.

United States Bankruptcy Court,
W. D. Pennsylvania.

July 14, 1981.

———

Richard W. Roeder, Mahany, Roeder & Kirvan, Titusville, Pa., and Joseph Ronald Kushner and John R. Gavin, Oil City, Pa., for plaintiffs.

Hillard Kreimer, Lawrence N. Ravick and McCrady, Kreimer, Ravick & Bonistalli, Pittsburgh, Pa., John P. Leemhuis, Lawrence C. Bolla and Quinn, Gent, Buseck & Leemhuis, Erie, Pa., for trustee.

Earl T. Stamm, Wexler, Weisman, Maurer & Forman, Philadelphia, Pa., for Republic Nat. Bank of Dallas.

MEMORANDUM AND ORDER DISMISSING COMPLAINT FOR REJECTION OF EXECUTORY LEASES AND UNMINED COAL

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

The within Complaint for an Order releasing and reconveying remaining coal and privileges under the plaintiffs' lease to the debtor dated July 16, 1976 alleged to have been rejected because not assumed with Court approval within sixty days of the conversion of the within case from a Chapter 11 Reorganization proceeding to a Chapter 7 Liquidation by Order dated September 9, 1980 must be dismissed.

It was shown that the trustee petitioned for and the Court confirmed a private sale of all of the assets of the debtor including the subject lease dated July 16, 1976 of coal and mineral rights October 20, 1980 within sixty days of the Order of conversion to Chapter 7 dated September 9, 1980, and that the sale was not consummated through no fault of the trustee, but because the certified check given by the purchaser for $1,200,000.00 as security for a down payment of $300,000.00 on the purchase price of $4,200,000.00 for said assets at Adversary Proceeding No. 80–0249 was issued on a fictitious and non-existent bank in Anguilla, West Indies. It is our opinion that as held in the case of *Forgee Metal Products Inc.*, 229 F.2d 799 (3rd Cir. 1956) cited with approval in *Brown v. Presbyterian Ministers Fund*, 484 F.2d 998, 1007 (3rd Cir. 1973) and *Nostromo, Inc. v. Fahrenkrog*, 388 F.2d 82, 85 (8th Cir. 1968), the affirmative action

of the trustee in petitioning to sell the lease and remaining coal in a proceeding confirmed by the Court within the required period operated as a final and complete assumption of the executory lease and contract and that no further action was required to establish said items as assets to the estate; that affirmative action to assume the lease and preserve it as an asset of the estate need not be repeated and that the executory lease and contract under which the minerals and rights thereto were acquired were assumed in such manner as to affirmatively deny their abandonment or rejection by failure to take action within sixty days of the Order of conversion under Section 365 of the Bankruptcy Reform Act as alleged by the lessors. No coal has been mined under the lease and no rentals have become payable or in default thereunder: the trustee's motion for dismissal of the lessors' Complaint for release and reconveyance of the lease and unmined coal will be granted and the assumption of said lease and mining rights thereunder by the trustee confirmed.

At Erie, in the Western District of Pennsylvania, this 14th day of July, 1981, IT IS ORDERED for the foregoing reasons that the Motion of the trustee to dismiss the Plaintiff's Complaint for release and reconveyance of the lease dated July 16, 1976 and the unmined coal on the leased premises is granted and said action is dismissed. It is further adjudged that the trustee is the owner of said lease and unmined coal with full power to sell and convey the same.