**In re R. Richard RISO, Debtor.**

**R. Richard RISO, Plaintiff,**

**v.**

**Donald H. FRANCIS and Maybrook, Inc., Defendants.**

**Bankruptcy No. 84–340.
Adv. No. 86–002.**

United States Bankruptcy Court,
D. New Hampshire.

April 9, 1986.

---

See also, D.C., 57 B.R. 789.

Andrew Troop, Widett, Slater & Goldman, Boston, Mass., for debtor.

Mark Vaughn, Manchester, N.H., for Donald Francis and Maybrook, Inc.

U.S. trustee, Boston, Mass.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case came on for hearing on March 19, 1986 on the defendants' Motions To Dismiss the debtor-plaintiff's Complaint For Injunctive Relief, For Order to Compel Dismissal Of Counterclaims Filed In State Court, And For Contempt For Violating The Automatic Stay. Since this matter is before the court on motions to dismiss, the court must view the facts alleged in the complaint in the light most favorable to the plaintiff. The essential question raised by the defendants' Motions To Dismiss is whether the plaintiff's complaint fails to state a claim upon which relief can be granted. F.R.C.P., Rule 12(b)(6).

The court is of the opinion that the plaintiff's complaint does fail to state a claim upon which relief can be granted to the extent that it relies on the position that there was a "claim" existing under the Bankruptcy Code concept of a claim prior to June 7, 1984, when this bankruptcy case was filed, with reference to the unexpired term of the "non-compete" clause of the employment contract which itself had become fully executed in 1981. The facts, as alleged, do establish that the "non-compete" clause was running from the 1981 termination of the debtor's employment contract. The clause period was to run to November 1986 with some restrictions running even longer.

■ The essential fact, as the court sees it, which was *not* alleged in this complaint is that there was some default or breach or at least notice of an intent to breach, that occurred prior to the bankruptcy filing date. This would have then given, at least arguably, a right to payment within the meaning of § 101(4) of the Bankruptcy Code which defines "claim."

Under the decision in the case of *Matter of M. Frenville Company, Inc.*, 744 F.2d 332 (3rd Cir.1984), this transaction as a matter of law would not create a claim under the Bankruptcy Code. *Frenville* reads the "claim" definition to mean that under state law there had to exist a cause of action pre-bankruptcy. There clearly was no cause of action pre-bankruptcy in this case because there was no breach.

It is unnecessary for me here to reach and decide whether I would follow *Frenville* in its strictest sense, or whether I believe the First Circuit will ultimately follow *Frenville* as a matter of law. It is

enough to note that those cases that have criticized and refused to follow *Frenville,* the leading ones being *Matter of Baldwin-United Corporation,* 48 B.R. 901 (S.D.Oh. 1985) and *In re Johns-Manville Corporation,* 57 B.R. 680 (S.D.N.Y.1986), involved facts in which some triggering event had occurred pre-bankruptcy even though as a matter of state law no "cause of action" existed until after the bankruptcy filing.

Such a "triggering event" did not occur in this case. Taking the pleadings at their strongest and noting from the record that the debtor did not list with his scheduled debts any contingent liability to Francis or Maybrook that he wished to have discharged by this bankruptcy, I conclude that the pleadings fail to state a claim for injunctive relief to the extent that they rely on the position that the § 362 automatic stay reached this contingent obligation as a claim when there is no allegation that there was some triggering event, notice, fact, or dispute prior to bankruptcy that would justify a determination that a "claim" in the bankruptcy sense was involved. Again, the court need not rely in this case on the *Frenville* ruling that a "cause of action" in the strict state law sense is required.

This order will essentially leave for trial the claims based on the estoppel allegations because, as I indicated during the argument, on their face, these allegations indicate that representations were made to the court to get the sale approved that were inconsistent with knowledge that there was a valuable asset held by the corporation whose assets were being purchased. Whether that is factually true or not, I need not decide since the allegations do state a claim upon which relief could be granted.

Accordingly, it is hereby

ORDERED, ADJUDGED, and DE-CREED as follows:

1. Inasmuch as the various grounds for relief set forth in the debtor-plaintiff's Complaint for Injunctive Relief, etc. cannot be easily separated by counts consistent with this Order, the said Complaint is hereby dismissed in its entirety with leave granted to the plaintiff to file an amended complaint consistent with this Memorandum Opinion and Order by no later than April 21, 1986.

2. Defendants shall have 10 days thereafter to file an answer to the debtor-plaintiff's amended complaint.

3. Thereafter, the parties shall have 20 days to file any motions for summary judgment which they may wish to file, to wit: until May 27, 1986. If no motions for summary judgment are filed within said 20 day period the clerk will set this matter for trial for a half day.