In re H.M. BOWNESS, INC., Debtor.

Bankruptcy No. 86–2772–BKC–6P1.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 9, 1988.

Morton Kosto, Orlando, Fla., for debtor.

Richard A. Zeller, Tampa, Fla., for Central Florida Fuels, Inc., and Zentmeyers.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

### INTRODUCTION

This case is before the Court upon debtor's motion to reject two executory contracts with Frank Zentmeyer, Neil Zentmeyer, and Central Florida Fuels, Inc. ("Central Florida") pursuant to 11 U.S.C. § 365(a). The executory contracts involve an Asset Purchase Agreement dated December 13, 1985, in which Sun City Oil Co., Robert Louis Szorcsik, and Sun City Investments, Inc. agreed to sell certain business assets to Frank and Neil Zentmeyer and a lease of business premises entered into in conjunction with the sale.

### FACTS

On December 13, 1985, Sun City Investments, Inc., Sun City Oil Co., and Robert Louis Szorcsik ("Szorcsik") entered into an Asset Purchase Agreement (the "Agreement") with Frank and Neil Zentmeyer in which they agreed to sell their business to the Zentmeyers for $950,000.

Paragraph 7 of the Asset Purchase Agreement conditioned the closing of the transaction upon the execution of a lease agreement with H.M. Bowness, Inc. (the "Bowness lease"), concerning the business premises located at 409 Franklin Street, Ocoee, Florida.

The closing of the transaction was structured so that the closing on the equipment, inventory and receivables took place on December 13, 1985, and on December 16, 1985, and the closing on the realty, consisting of the replacement by the buyer of a mortgage held by Florida Center Bank was postponed until an unspecified future date.

On December 13, 1985, Frank and Neil Zentmeyer assigned their interest in the Asset Purchase Agreement to Central Florida Fuels, Inc., ("Central Florida") and on December 16, 1985, Central Florida took possession of the premises.

Due to several large tax assessments by the State of Florida Department of Revenue, Sun City Investments, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 29, 1986 (Case No. 86-187-BKC-6P1). On April 8, 1986, it filed this motion to reject the same Asset Purchase Agreement and lease agreement.

In response, Central Florida Fuels, Inc., filed its own Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (Case No. 86-1936-BKC-8P1) on May 14, 1986. It, too, has filed a motion to reject the portion of the Asset Purchase Agreement which it claims to be executory (i.e. the obligation to substitute the Florida Center Bank mortgage), a motion to assume the remainder of that agreement and a separate motion to assume the Bowness lease. Judge Paskay of the Tampa Division transferred the case to the Orlando Division for purposes of consolidating the hearing on those motions with the ones in this case.

H.M. Bowness, Inc. ("Bowness" or "Debtor"), is a company owned and controlled by Robert L. Szorcsik and is the lessor of the business premises occupied by Central Florida Fuels. It filed a Chapter 11 petition in Orlando on December 12, 1986, and has moved to reject both the December 13, 1985 unexpired lease and the Asset Purchase Agreement with Central Florida Fuels. The hearing on this motion was consolidated with those on the related motions filed by Sun City Investments and Central Florida Fuels.

### ISSUES

The Court is asked to decide whether the debtor should be permitted to reject an executory contract with Frank Zentmeyer, Neil Zentmeyer, and Central Florida Fuels, Inc., regarding the sale of debtor's business. The debtor is in effect seeking to rescind the entire contract and argues that the H.M. Bowness lease is an integral portion of the sales agreement. Alternatively,

debtor seeks to reject the Bowness lease as a separate contract.

## DISCUSSION

Section 365(a) of the Bankruptcy Code provides, in relevant part, that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." In Chapter 11 cases, the debtor-in-possession succeeds to the trustee's power pursuant to § 1107(a).

In the Sun City Investments case, the Court found that the Asset Purchase Agreement fell within the definition of executory contract and was subject to assumption/rejection by that debtor. The Court did not, however, permit the debtor to assume that contract due to the particular circumstances of that case.

█ The debtor in this case has also suggested that the Bowness lease ought to be included within the scope of the Asset Purchase Agreement and that it has a right to reject that contract as well. The Court does not agree. While it may very well be that the parties contemplated the execution of the Bowness lease prior to entry into the Asset Purchase Agreement, that lease agreement stands independent of the sales contract.

█ The Court finds further that Bowness has no interest in the Asset Purchase Agreement and is not entitled to move for its rejection under § 365(a). That agreement may only be assumed or rejected by Sun City Investments or Central Florida Fuels.[1] The Court will therefore deny debtor's motion to reject the Asset Purchase Agreement. Having said that, the Court must now deal with debtor's motion to reject the lease agreement entered into in conjunction with the sale of the business.

█ Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor. Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule. This test simply requires a showing by the Trustee or debtor-in-possession that rejection of the contract will likely benefit the estate. *See, e.g., In re Bildisco*, 682 F.2d 72, 79 (3d Cir.1982), *aff'd sub nom. N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill. 1986); *In re W. & L. Associates, Inc.*, 71 B.R. 962, 16 C.B.C.2d 834, 839 (Bkrptcy.E. D.Pa.1987).

█ Here, however, the debtor has failed to sustain even this lesser burden. The debtor has failed to produce any credible evidence that rejection would benefit the estate or result in a successful reorganization. Instead, the rejection serves merely to create a new burden to the estate to the detriment of other creditors.

Rejection of the contract in this instant will result in Central Florida having a large claim against the estate pursuant to § 502(g). Frank Zentmeyer has testified that rejection of the lease would doom Central Florida Fuel's prospects for reorganization. As that business routinely generates profits in the hundreds of thousands, Central Florida's damage claim against the estate could be quite large. The Court concludes therefore that rejection is not in the best interest of the estate.

To rebut such a conclusion, the debtor contends that rejection is necessary to complete a successful reorganization. The confirmation hearing is yet to be held. However, the Court is inclined to believe that prospects for a successful reorganization in this case may be bleak. Debtor has all but ceased business operations and has failed to demonstrate its ability to successfully re-establish itself as a viable company. At the present time, debtor's only significant asset is its right to receive payments under this lease. It has no other business operations nor a substitute tenant under the lease.

1. Indeed, Sun City Investments has moved to reject the executory contract in its entirety while Central Florida Fuels has moved to reject only the executory portion of that contract and to assume the H.M. Bowness lease. In separate opinions of even date, the Court has denied Sun City's motion and has permitted Central Florida to assume the unexpired lease with the debtor.

Moreover, Mr. Szorcsik, debtor's president, is involved in criminal proceedings and may face incarceration which could prohibit him from running the company.

■ Central Florida Fuels and the Zentmeyers have asked the Court to weigh the effect rejection would have on their business. However, the effect of the rejection on the innocent third-party or buyer is not an appropriate factor for the Court to consider. *See, In re Chi–Feng Huang,* 23 B.R. 798, 800 (9th Cir. Bkrptcy.App.1982). Instead, the Bankruptcy Code has a remedy for ill-effects rejection would have on the injured party by permitting the filing of a claim for damages under § 502(g).

■ Some Courts, however, feel compelled to apply a balancing of the equities test in the "dual debtor" or "three debtor" situation. For instance, in *In re Midwest Polychem, Ltd.,* 61 B.R. 559 (Bkrptcy.N.D. Ill.1986), the Court reasoned:

> Since the bankruptcy Court is a court of equity, this court believes that it is appropriate to always consider the equities of the situation and measure the relative effects of rejection before granting approval. Even in the application of the so-called "business judgment" test, other courts have recognized that the relative equities must come into play. See *In re Chi–Fang Hang,* 23 B.R. 798, 801 (9th Cir.1982). (citing *Control Data,* 602 F.2d at 43). The balancing of the equities is especially necessary where, in a case like the instant one, one Chapter 11 debtor formally requests rejection of an executory contract and another Chapter 11 debtor effectively seeks assumption.

61 B.R. at 562.

Without deciding in favor of the balancing of the equities test, the Court notes that its application would still result in a ruling in favor of Central Florida. Specifically, the evidence indicates that if debtor's motion were granted, the general unsecured creditors would suffer a substantial loss due to Central Florida's inevitable claim. Furthermore, approval of the motion would result in the termination of an otherwise successful business (Central Florida's) and the loss of twelve jobs while approval of the motion would produce no significant benefit to anyone. The Court concludes, therefore, that the equities weigh in favor of denying the motion.

The Court will enter a separate order in accordance with this Opinion.