In re **CONTINENTAL COUNTRY CLUB, INC., Debtor.**

**CONTINENTAL COUNTRY CLUB, INC., Plaintiff,**

v.

**Richard C. BURR, Defendant.**

**Bankruptcy No. 85–105–BK–J–GP. Adv. No. 89–229.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 14, 1990.

Richard C. Hennings, Orlando, Fla., for defendant.

Michael G. Williamson, Orlando, Fla., for plaintiff.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint of Continental Country Club, Inc. ("Continental") to determine dischargeability of debt, declaratory relief, injunctive relief and civil contempt.

The facts and documentary evidence were stipulated to by the parties. Upon consideration of the evidence, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The defendant, Richard C. Burr ("Burr") was an employee of Continental from April 26, 1982, to August 28, 1986. The terms of his employment are set forth in a written employment agreement dated April 26, 1982, signed by Donald W. Freeman as president of Continental and Burr ("Employment Agreement"). Burr served as an officer of Continental and was the secretary from 1983 through the date of termination of his employment.

Burr's Employment Contract was not in default on the date of the petition or through the Order of Confirmation. The parties have stipulated that if Burr had failed to perform as an employee, Continental would have been excused from its obligations under the Employment Contract to compensate him for his services and as otherwise stated therein and if Continental had failed to perform under the Employment Contract, Burr would have been excused from performance as an employee under the Employment Agreement.

Continental filed a Chapter 11 bankruptcy petition on February 12, 1985. Burr had knowledge of the bankruptcy filing and assisted in preparing the schedules and statements. Burr was not listed as a credi-

tor in the debtor's schedule of liabilities, and he did not file a proof of claim.

Burr's Employment Agreement was not listed on the Statement of Executory Contracts. The Court authorized payment to Burr of an officer's salary of $48,000.00 per annum.

In May 1985, Continental filed a motion dealing with many executory contracts of the debtor. These executory contracts pertained to mobile home purchase contracts, lot leases, and social and golf club memberships. Burr's Employment Agreement was not included.

On August 1, 1985, Burr's deposition was taken in the main bankruptcy case. At that deposition, Burr testified that he had a written employment agreement with Continental. Burr discussed the salary and bonuses he was entitled to receive under the Employment Agreement. There was no discussion concerning any other terms of the contract. A copy of the Employment Agreement was not offered at the deposition. Continental and Redman Homes, Inc. ("Redman"), the company which was ultimately the successful plan proponent, were represented by counsel.

The debtor filed a plan of reorganization on August 9, 1985, which rejected many executory contracts. Burr had knowledge of all filed plans of reorganization and in his capacity as an officer of the debtor assisted in drafting the plans. Burr's Employment Agreement was not mentioned in the debtor's initial plan of reorganization.

After the exclusivity period expired, Redman filed a competing plan. The Redman plan came on for confirmation hearing on November 21, 1985. One of the issues considered by the Court at that hearing was the right of a plan proponent who was not a debtor to reject executory contracts in its plan.

The Court's ruling was:

The Court therefore finds as a matter of law that the right to assume or reject an executory contract is limited to a debtor-in-possession or if that entity has been replaced by a trustee. There is no trustee in this case so only the debtor would have the right to reject or assume an executory contract. Redman does not have that right to include it within its plan at the present time.

. . .

Its the Court's finding that Section 365 requires a separate notice to be given to parties affected by the debtor upon a motion to assume or reject executory contract or unexpired lease. The Court having made that finding does not believe that it is in a position to conclude the confirmation hearing at this time. It is the Court's intention therefore to continue this matter to a time certain to give the opportunity to the debtor to decide what type of motion it wishes to file, to give notice to the parties affected, and to schedule a hearing for the time the Court will give.

Transcript of November 21, 1985, confirmation hearing, pages 67–68.

The continued hearing on the executory contract issue was commenced on December 14, 1985, and concluded on December 30, 1985. Some of these executory contracts were assumed and some were rejected as set forth in the Order of February 3, 1986. The Court set thirty (30) days from February 3, 1986, as the bar date for filing damage claims arising from the rejection of these executory contracts. Burr's Employment Agreement was not identified at these hearings or in the February 3, 1986, Order.

On May 7, 1986, Redman filed a second plan of reorganization which listed (in Schedule B) various executory contracts which had been assumed. The plan specifically assumes certain executory contracts pertaining to lot leases, water and sewer charges, social memberships, golfing privilege fees and lot maintenance charges.

The Redman plan specifically rejected (in Schedule A) the following leases and executory contracts: "All leases and executory contracts not listed in Schedule B, or assumed by Continental Country Club, Inc., prior to the entry of the Order confirming this plan." Burr's Employment Agreement was not identified in Schedules A or B.

No motion was filed to assume or reject the Employment Agreement. There has been no finding by this Court that Burr's Employment Agreement is an "executory contract" within the meaning of 11 U.S.C. § 365 of the Bankruptcy Code.

A confirmation hearing was held in connection with the Redman plan and there was no mention that Burr's Employment Agreement was made.

The Redman plan was confirmed on August 6, 1986. The Court did not enter a bar date to file a damage claim arising from the rejection of executory contracts. Burr did not file a written or oral objection to confirmation. Burr did not take an appeal of the Order of Confirmation.

Burr was never given notice that this Employment Agreement was being dealt with in any way during the Chapter 11 case as it was not listed in the statement of executory contracts, the schedules, or either of the two motions that were before the Court concerning the question of rejection of executory contracts.

Redman, who had actual notice of the Employment Agreement, never gave notice to Burr that it was subject to rejection, but rather continued to honor the agreement. Burr was an active employee of the corporation, integrally involved with the process of confirmation and consummation of the plan.

Burr was terminated from his employment at Continental on August 28, 1986. On June 26, 1987, Burr filed a complaint in the Circuit Court of Sumter County, Florida, against Continental to recover damages for breach of the Employment Agreement. In that case Continental raised its bankruptcy discharge as an affirmative defense. The case is pending in the circuit court.

Continental filed this adversary proceeding against Burr to enjoin continuation of the Sumter County litigation and for other relief.

### CONCLUSIONS OF LAW

The gravamen of Continental's complaint is based on 11 U.S.C. § 1141(d)(1)(A) which provides that confirmation of a Plan:

... discharges a debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in § 502(g)....

A. *Burr's Employment Contract was not Rejected During the Chapter 11 Case.*

It is undisputed that the Employment Agreement, a contract under which both sides had continuing legal responsibilities, was an executory contract. The parties stipulated that the failure of either Burr or Continental to perform under the contract would excuse performance by the other. This falls squarely within the definition of an executory contract. *See In re Maralak,* 104 B.R. 446, 450 (Bankr.M.D.Fla.1989).

An executory contract is accorded the treatment provided in 11 U.S.C. § 365. The debtor-in-possession had the right to seek Court authority to assume or reject Burr's Employment Agreement. If the debtor-in-possession had rejected this contract, with Court authority (which could have been done at any time during the case), the rejection would have constituted a breach of contract as of the day before the filing of the petition. 11 U.S.C. § 365(g).

■ At the first hearing held on confirmation of the Redman plan, this Court found as a matter of law that the right to assume or reject an executory contract was limited to a debtor-in-possession or trustee. This ruling was not appealed and is the law of this case. It is undisputed that no motion was ever filed to reject Burr's Employment Agreement and that the debtor did not reject the contract under a plan. Thus, the contract was not rejected during the case.

Even if Redman could reject this executory contract under a plan, the "boilerplate" language contained in its plan did not automatically reject Burr's Employment Agreement. There was no showing under 11 U.S.C. § 365 upon which this Court could have authorized the rejection. That is, while 11 U.S.C. § 1123(b)(2) states

that the plan may provide for the rejection of an executory contract, this rejection is specifically subject to 11 U.S.C. § 365.

■ The case law of 11 U.S.C. § 365 mandates that a debtor-in-possession or trustee must meet the business judgment test. Although the Court will sometimes defer to the movant on questions of rejections or assumptions of executory contracts, it still requires actual consideration by the Court. This requires evidence by the debtor-in-possession that rejection of the contract will benefit the estate. *See In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D.Fla.1988).

In the *H.M. Bowness* case, the debtor failed to present any credible evidence that rejection would benefit the estate and result in a successful reorganization, and the motion to reject the executory contract was denied by this Court. *See also Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill. 1986); *In re W & L Associates, Inc.*, 71 B.R. 962 (Bankr.E.D.Pa.1987).

Furthermore, Burr was at least entitled to minimum due process protection. A similar issue was addressed in the case of *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir.1989). Noting that 11 U.S.C. § 523 did not apply to a corporate debtor, the Court looked to 11 U.S.C. § 1141(d)(1) and found that as a matter of basic due process, a creditor was entitled to actual notice of the bar date.

■ Analogously, in this case, even if Redman could have rejected the Employment Agreement under the Second Plan through general language rather than competent evidence, Burr would have at a minimum been entitled to notice that this executory contract was one of those being rejected. This would have provided Burr with an opportunity to file a claim for damages.

**B.** *Burr Did Not Hold a Claim Which Was Discharged Under Bankruptcy Code § 1141 and § 524.*

■ Pursuant to 11 U.S.C. § 101(11), a "debt" is defined as a liability on a claim. Thus, the issue is whether or not Burr's claim for termination wages under the Employment Agreement arose prior to confirmation of the Second Redman Plan.

Since Burr's executory contract was not the subject of termination under 11 U.S.C. § 365, he does not hold a claim under 11 U.S.C. § 502(g) which provides for the treatment of "the claim arising from the rejection under Section 365 or under a plan ... as if such claim had arisen before the date of the filing of the petition." *See In re Gardinier, Inc.*, 831 F.2d 974 (11th Cir. 1987); *In re Airlift Intern, Inc.*, 761 F.2d 1503 (11th Cir.1985).

Thus, there was neither a breach in fact or of bankruptcy law as of the date of the confirmation of the plan of reorganization. Since a discharge of debt under 11 U.S.C. § 1141(d) only applies to debts which arose "before the date of such confirmation," it would not apply to Burr's Employment Agreement, because his claim arose post-confirmation.

A case establishing this premise is *In re Shoppers Paradise, Inc.*, 8 B.R. 271 (Bankr.S.D.N.Y.1980).

> Until assumed or rejected, an executory contract unexpired remains in force and if neither assumed or rejected, it passes with other property of the debtor to the reorganized corporation. *Id.* at 278.

Similarly, the Court in *Central Watch, Inc.*, 22 B.R. 561 (B.D.Wis.1982) had before it issues involving the rights of a reorganized Chapter 11 debtor and its former president under a pre-petition employment contract which was neither assumed nor rejected in the Chapter 11 case. The Court had to make a determination as to whether, due to confirmation of the Chapter 11 plan, the contract was still enforceable.

The *Central Watch* court held that the Employment Agreement remained enforceable even though it was neither assumed nor rejected in the Chapter 11 case. *See also In the Matter of Computerized Steel Fabricators*, 40 B.R. 344, 348 (Bankr.S.D. N.Y.1984). ("Thus, the non-debtor party to such a contract does not have a provable claim because such party's claim does not arise under the Act until the contracts have been rejected.")

These recent decisions follow a line of cases going back to *Consolidated Gas Electric Light v. United Railways*, 85 F.2d 799 (4th Cir.1936), *cert. den.* 300 U.S. 663, 57 S.Ct. 493, 81 L.Ed. 871 (1937). As noted by the *Consolidated* court, the party to an executory contract "would find it difficult to state a claim under the contract before it had been broken." *Id.* at 805. "There would be no way such a claim could be scheduled." *Id.* "There would be no way a claimant could file a proof of claim, nor could such a party in any way participate for purposes of distribution...." *Id.* "Simply put, no breach has occurred, no damages have resulted, there is nothing upon which a claim could be based." *Id.* *See also Federals, Inc., v. Edmonton*, 555 F.2d 577, 579 (6th Cir.1977); *Smith v. Hill*, 317 F.2d 539, 542 (9th Cir.1963).

In keeping with this line of cases, a leading treatise states:

> In a Chapter 11 case rejection can only come about upon order of the Court under § 365(a) or by virtue of the provisions of a confirmed plan. As long as rejection is not ordered, the contract continues in existence, but this may be little comfort for a party where there has been neither assumption nor rejection prior to or in a confirmed plan, and the plan provides liquidation or transfer of the assets. On the other hand, *if the contract is not affected by the plan, it rides through the proceedings, having neither been assumed nor rejected and will thereafter be binding on the debtor.* The discharge of Section 1141(c) will not assist the debtor since, absent rejection, the other party to the contract will not be a creditor.

2 *Collier on Bankruptcy* (15th ed.) par. 365.03, at 365–30 to 31.

11 U.S.C. § 524 provides in relevant part:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt....

This section operates as a permanent injunction to prohibit any person from filing an action to recover a debt that is discharged under 11 U.S.C. § 1141. Since Burr's claim did not arise prior to confirmation, it was not discharged and 11 U.S.C. § 524 is not applicable. *See In the Matter of Frenville Company, Inc.*, 744 F.2d 332 (3rd Cir.1984); *In re Riso*, 58 B.R. 978, 980 (Bankr.D.N.H.1986). (Automatic stay did not apply where there is "no allegation that there was some triggering event, notice, fact, or dispute prior to bankruptcy that would justify the determination that a 'claim' in the bankruptcy sense was involved.")

Burr was never given notice that this Employment Agreement was being dealt with in any way during the Chapter 11 case as it was not listed in the statement of executory contracts, the schedules, or either of the two motions that were brought on before the Court concerning the question of rejection of executory contracts.

Redman, who had actual notice of the Employment Agreement, never gave notice to Burr that it was subject to rejection, but rather continued to honor the agreement.

## CONCLUSION

Burr's claim for termination wages under the Employment Agreement with Continental was not discharged by confirmation of the Redman plan. To now hold that this plan provision would have the effect of rejecting Burr's Employment Agreement would be to deny Burr due process. Burr is entitled to bring an action in state court for damages for termination of his Employment Agreement.

The Court will enter a separate final judgment in accordance with this opinion.