**In re Robert A. MOBLEY, Debtor.**

**No. 9:05–bk–27736–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 12, 2007.

Edward R. Miller, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

### ORDER ON MOTION FOR RULE TO SHOW CAUSE

(Doc. No. 53)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion for Rule to Show Cause, filed by the Debtor, Robert A. Mobley (the Debtor), against R. David Meloney (Meloney) and Sydney Blum (Blum) and their attorney, Ludwig J. Abruzzo, Esquire (Abruzzo) (collectively Respondents), to appear before this Court and show cause why they should not be held in contempt of court for violation of 11 U.S.C. § 362. In the Motion, the Debtor also seeks appropriate sanctions, including but not limited to, actual damages, punitive damages and attorney fees and costs.

At the properly rescheduled hearing, although no formal evidence was presented to this Court, it appears that Meloney and Blum, through their attorney Abruzzo, filed a Third Party Complaint against the Debtor in the Circuit Court in and for Collier County, Florida (State Court). The Third Party Complaint was based on an indemnity agreement entered into between the Debtor, Meloney and Blum prior to the commencement of the Debtor's Chapter 7 case. The Third Party Complaint filed by the Respondents in the State Court case pled a cause of action for contractual indemnification by the Debtor.

Based on these facts, which are without dispute, the argument of the parties centered around the proposition of whether or not the claim asserted against the Debtor in the Third Party Complaint is a prepetition claim, the collection of which is prohibited by Section 362 of the Bankruptcy Code; or a postpetition claim as urged by the Respondents and, therefore, not impacted by the intervention of the Debtor's bankruptcy and the operation of Section 362.

Both parties agree that the controlling facts that govern their contentions for the resolution of the issue is whether or not the Third Party Complaint filed after the commenced of the Debtor's Chapter 7 case is a prepetition or postpetition claim and can be resolved as a matter of law.

The Debtor contends that the majority of cases supporting his position permits but one conclusion, that is, the claim is a prepetition claim citing the case of *In re Kewanee Boiler Corp.*, 297 B.R. 720 (Bankr.N.D.Ill.2003). In the case of *Kewanee* the court analyzed Section 101(4), now designated as Section 105 of the Bankruptcy Code, and considered the text of the subject and the authorities presented which dealt with the construction of that Section. After having reviewed the relevant case law, the *Kewanee* court concluded that the claim in that instance was a prepetition claim. The *Kewanee* case involved a written indemnification agreement entered into before the commencement of the debtor's bankruptcy case and even though the enforcement of the same did not occur until after the commencement of the case, the courts held that the claim, as asserted, was a prepetition claim.

This issue was considered by the Third Circuit in the seminal case of *Matter of M. Frenville Co., Inc.*, 744 F.2d 332 (3d Cir. 1984), cert. den. 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1995). Although the decision rested with good reason on the requirement of a "right to payment" as

part of the definition of the term "claim" under Section 101(5) of the Bankruptcy Code, it has been consistently criticized with the intended breadth and scope of Section 101(5). *See e.g. Grady v. A.H. Robins Company, Inc.*, 839 F.2d 198 (4th Cir.1988), cert. dismissed, 487 U.S. 1260, 109 S.Ct. 201, 101 L.Ed.2d 972 (1998).

The *Frenville* opinion applied to possible non-indemnification actions pursuant to New York law, under which law such causes had not yet become actionable. *Frenville*, 744 F.2d at 335. The court concluded that there being no "right to sue" or "right to payment" and, therefore, no "claims" pursuant to Section 101(5) of the Code. The *Frenville* court determined that any future possible actions were not "claims" and, therefore, were held not to have been discharged. The *Kewanee* court pointed out however, that the facts involved in that case were different from the fact pattern of *Frenville*. In *Kewanee*, one party agreed to indemnify the other in the event of certain occurrence and, based on that, the court concluded that when parties agree in advance that one party will indemnify the other party in the event of certain occurrences, there exists a right to payment, although contingent, upon signing the agreement. *See, e.g., In re THC Financial Corp.*, 686 F.2d 799, 802–04 (9th Cir.1982); *In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr.S.D.Tex. 1980), *aff'd*, 646 F.2d 193 (5th Cir. (Unit A) 1981) (per curiam).

Several cases following the holding in *Kewanee* have considered the same issue and have concluded that claims based on a prepetition agreement to indemnify or guarantee an obligation are deemed to be prepetition claims even though the action to enforce such an agreement to indemnify or guarantee the obligation of a debtor arose postpetition. For instance, in the case on *In re Motley*, 268 B.R. 237 (Bankr.

C.D.Cal.2001), Judge Bufford held that the debtors obligation on a prepetition guarantee of a corporate tenant's obligation was a prepetition debt even though the only occurrence postpetition was that the tenant defaulted in paying the rent. In the case of *In re Wilbur*, 237 B.R. 203 (Bankr. M.D.Fla.1999), the court held an indemnification agreement that the debtor signed on behalf of the husband's business in favor of an insurance company that issued bonds insuring project of which the husband's business had worked, gave rise to a contingent prepetition claim.

In the case of *In re Ryan*, 100 B.R. 411 (Bankr.N.D.Ill.1989), the court stated that the obligation arising out of prepetition contracts but not due until postpetition are prepetition debts. (citing *Household Finance v. Hansberry*, 20 B.R. 870 (Bankr. S.D.Ohio 1981)). In the case of *Behrens v. Woodhaven Assoc.*, 1989 WL 47409 (N.D.Ill.1989), the District Court affirming the decision of Judge Gensburg of the Bankruptcy Court held that the debtor's liability for the condominium assets arose prepetition and all easements that became due postpetition were merely unmatured portions or the original liability.

In the recent case of *Insurance Co. of North America v. Sullivan*, 333 B.R. 55 (D.Md.2005), the court held that indemnity agreement entered between the plaintiff and defendant prepetition, and the claim for attorney fees arising from litigations spawned by that agreement, was considered a prepetition claim. (citing *Woburn v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 8 (1st Cir.1992)) (citing *In re THC Financial Corp.*, 686 F.2d 799, 802–04 (9th Cir.1982)).

In the case of *Stewart Foods v. Broecker*, 64 F.3d 141 (4th Cir.1995), the Fourth Circuit held that a claim of unpaid monthly installments was a prepetition claim, not-

withstanding of the fact that the debtors failure to pay occurred postpetition.

The United States Court of Appeals, Eleventh Circuit, in the case of *Johnson, Blakely, Pope, Bokor, Ruppel & Burns v. Fernando R. Alvarez*, 224 F.3d 1273 (11th Cir.2000), held that the legal malpractice claims arising from a bankruptcy counsel's alleged negligence in failing to follow the client's instructions to file a Chapter 11 reorganization case rather than a liquidation case under Chapter 7 accrued at the moment the Chapter 7 petition was filed and, accordingly, it was property of the estate of the Chapter 7 case.

The Respondents have cited *In re R. Richard Riso*, 58 B.R. 978 (Bankr.N.H. 1986) as well as the *Frenville* case. The authorities cited by the Respondents have been carefully consider by this Court and this Court is satisfied that the cases cited by the Respondent do not support Respondents position concerning the issue, that is, whether the claim is a prepetition or postpetition claim. In the case *In re Barr*, 318 B.R. 592 (Bankr.M.D.Fla.2004), a Judge of this district held that the annulment provision of Section 362 properly applied retroactively by validating the annulment concerning the effect of the automatic stay entered by the District Court. The case of *Turner Broadcasting System Inc. v. Sanyo Electric Inc.*, 33 B.R. 996 (N.D.Ga. 1983), dealt with a motion to set aside a default, the District Court held that the automatic stay provision did not apply to a breach of contract action which could not have been commenced at the time the debtor filed their bankruptcy petition.

Having considered all of the authorities cited by the parties, this Court is satisfied that the cases which held that the term "claim," as defined by Section 101(5) of the Code covers the indemnity claim in question, govern. Therefore, the filing of the third-party claim against the Debtor was a violation of Section 362 of the Bankruptcy Code and, thus, is sanctionable pursuant to Section 362(k) of the Code. A separate final hearing shall be scheduled to determine the amount and the extent of the sanction to be awarded.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that R. David Meloney and Sydney Blum and their attorney, Ludwig J. Abruzzo, Esquire should be held in contempt of court for violation of 11 U.S.C. § 362. It is further

ORDERED, ADJUDGED AND DE-CREED that a hearing shall be held on *November 1, 2007,* beginning at *2:45 pm* at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom E, 2110 First Street, Fort Myers, Florida, to determine the amount and the extent of the sanction to be awarded.